LEACH, Respondent, *vs.* GOODE, Appellant.

19 501
47a 664

1. In the absence of any stipulation in a lease, the lessor is bound to pay taxes on the property, but not on improvements made by the lessee, which the latter is entitled to remove, or to be compensated for, at the expiration of the lease.

*Appeal from St. Louis Circuit Court.*

This was an action to recover the value of certain improvements erected by Leach upon ground which he had held under a lease from Goode. By the terms of the lease, it was stipulated, that if, at its expiration, the parties could not agree as to the disposition of the improvements, there should be a valuation of the same, and Goode should pay Leach the amount of the valuation, provided it did not exceed two-thirds of the

original cost. The parties could not agree, and there was an appraisement in the manner pointed out by the lease. This suit was brought upon the award of the appraisers. The answer put in issue the allegation of the petition that the award did not exceed two-thirds of the original cost, and set up, as an off-set, the amount of certain taxes which the defendant had been compelled to pay upon the improvements, which he alleged to have been erected by the plaintiff while he held under a former lease. The lease contained no stipulation as to the taxes. The defendant's off-set was stricken out by the court below, and after a judgment for the plaintiff upon the remaining issue, the defendant appealed to this court.

*Comfort & Manter*, for appellant. A lessor is only bound to pay the taxes upon the land demised, and not upon the improvements of the tenant. Coote on Landlord and Tenant, 230. *Watson* v. *Home*, 182.

*Knox & Kellogg*, for respondent. No case can be found where the lessee, in the absence of any stipulation, has been compelled to pay the taxes on improvements which were upon the premises when the lease was executed.

GAMBLE, Judge, delivered the opinion of the court.

The only question is, whether Goode, as the landlord, was entitled to claim from Leach, the tenant, the amount of taxes assessed upon the improvements, which the answer alleges were erected by Leach, and were his property. The value of the improvements was claimed by Leach, and was the subject for which he brought this suit. The lease which contained the contract by Goode to pay for the improvements, appears by the answer to be a second lease for the same premises, as the answer alleges that, at and after its execution, Leach was the owner of the improvements upon the lot, which he had erected thereon, under a *former lease.* This second lease contained no stipulation about taxes.

1. When a lease is made, without any stipulation about taxes,

the landlord is bound to pay the taxes upon the property; but if the tenant, by the erection of buildings, which, by the terms of the lease, continue his property, and which he is either authorized to remove, or is entitled to be compensated for by the landlord, enhances the taxes, the landlord is not bound to pay the taxes upon the improvements. Here, the allegation of the answer is clear, that the improvements belonged to the tenant, and this very suit is brought to compel the landlord to pay for them under the stipulations of the second lease. In the proportion then that the improvements bore to the value of the whole property, as improved, the tenant should contribute to pay the taxes. Goode alleges that the taxes were assessed upon the ground and buildings together, and that he was obliged to pay the whole sum assessed, in order to discharge his property. In the opinion of the court, he was entitled to set-off such proportion of the amount thus paid, as the value of the improvements bore to the whole value of the property as improved. The judgment is reversed, and the cause remanded.