DAVID ANDERSON, Respondent, v. A. P. HARWOOD, Appellant.

St. Louis Court of Appeals, February 2, 1892.

Vendor and Vendee : TAXATION. A vendee of realty, in possession under a contract of sale at the date of the assessment, is the real owner for the purposes of taxation, whether he holds the legal title or not.

*Appeal from the Greene Circuit Court.*

REVERSED.

*White & McCammon*, for appellant.

The respondent was the owner of the property in question, within the meaning of this section, on the first day of June, 1882, and the appellant was not liable for the taxes which became a lien at that date. The taxes become a lien from the time of the assessment, which under the present law is the first day of June of each year. R. S. 1889, secs. 7569, 7552 ; *Anderson v. Holland*, 40 Mo. 600 ; *Blossom v. Van Court*, 34 Mo. 390 ; *McLarcer v. Shelbe*, 45 Mo. 130. A vendee of real estate in possession under a contract of sale, as between himself and vendor, is liable for taxes from the commencement of his possession. *Farber v. Purdy*, 69 Mo. 601 ; *Miller v. Corey*, 15 Iowa, 166.

*O. H. Travers*, for respondent.

ROMBAUER, P. J.—This controversy is about the fact whether, as between themselves, the plaintiff or defendant is liable to pay the taxes assessed in June, 1882, against a certain piece of land which the defendant sold to the plaintiff in that year. It is conceded that the contract of sale was made in April, 1882, and that all its terms were then agreed upon between the parties. The purchase price according to the plaintiff's testimony was $8,000, and according to the defendant's testimony $8,000 and the crops of 1882. Of this sum the plaintiff paid to the defendant $1,000 at once. In order to avoid the execution of a deed of trust securing the residue of the purchase money, it was agreed between the parties that the deed for the property should be delivered to one Harwood, president of the Greene County National Bank, who should hold it as agent for both parties, and deliver it to the plaintiff as soon as he paid the residue of the purchase money. The plaintiff paid the residue of the purchase money in September, 1882, as agreed, and the deed was delivered by Harwood to him. The taxes in question were assessed between the date of the first delivery of the deed and the date of its second delivery. The deed contained the statutory covenants implied in the words grant, bargain and sell. The plaintiff paid these taxes, and upon the defendant's refusal to repay them to him he brings this action, claiming that, at the date of the assessment, the defendant was the owner of the land, was liable to pay the taxes, and is answerable to him for their amount under the covenants of the deed.

There was some conflict in the evidence as to whether the deed was complete at the date of its first delivery. The plaintiff claimed it was not, but that certain blanks therein were filled when the deed was delivered to him in September. The weight of the evidence, however, was to the effect that the deed was

complete when first delivered.    There was also evidence by both parties showing that, immediately after the contract of sale was made in April, the plaintiff gave to the defendant a lease for the lands, so as to enable him to remain in possession and to harvest the crops of 1882 without molestation, and that the defendant remained in possession of the land and was in their possession when the taxes were assessed in June of that year, but turned possession of part of the premises over to the plaintiff as soon as the crops were harvested and before final delivery of the deed.    Upon this evidence the court found for the plaintiff, and the defendant assigns for error the ruling of the court upon the evidence and instructions.

The plaintiff asked the following declaration of law, which the court gave:    "If the deed to the real estate described in plaintiff's petition was executed by plaintiff on the twenty-fifth day of April, 1882, and placed in the bank of C. E. Harwood by the mutual consent of both plaintiff and defendant, to be delivered to plaintiff on the payment by him of the purchase money for the real estate therein described, or any part thereof, and plaintiff did, on or about the first day of September, 1882, pay the balance of the purchase money, and upon the payment of the same did receive from said C. E. Harwood said deed, then, under these facts, said deed was in escrow with said C. E. Harwood, and the title to the real estate described in said deed did not pass to plaintiff till the delivery of said deed to him by said C. E. Harwood; in which event the plaintiff is entitled to recover the amount sued for."

The court refused to instruct the jury as requested by the defendant that, under the evidence in the case, the plaintiff was not entitled to recover, and also refused to give the following declarations of law asked by the defendant:    "The court declares the law to be that, if in the month of April, 1882, the defendant executed a deed, conveying to plaintiff his farm, and

said deed was by the agreement of the plaintiff and the defendant deposited with Charles Harwood to secure the balance of the purchase money, and to be by him delivered to the plaintiff on or about the eight day of September, 1882, in the same condition as it was delivered to said Charles Harwood, and executed by plaintiff, and the balance of said purchase money paid at said time, and, if at the time of the execution of said deed the defendant took from the plaintiff a lease on said premises, in writing, conditioned that the defendant should hold possession of said premises as the tenant of the plaintiff until the crops could be removed therefrom, and that the defendant should deliver possession thereof to plaintiff, and of such portion thereof as the crops were removed, as fast as said crops were removed, and if said plaintiff did actually take possession according to the terms of said lease, the court will find the issues for the defendant."

"The court declares the law to be, that possession of the tenant is possession of the landlord, and, if the plaintiff leased the premises in question to the defendant at the time of the execution of the deed from defendant to the plaintiff, the plaintiff was then and thereafter in possession of said premises under his contract of purchase, and the owner of said premises on the first day of June, 1882, even though the court should find the deed aforesaid was not delivered until after that time."

It will be thus seen that in the judgment of the trial court the decisive question in the case was, who had the legal title to the premises at the date the taxes in controversy were assessed? This view was erroneous. The statute in force when the tax in controversy was assessed, provided : "Every person owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing year." Laws of 1881, p. 178.

In the absence of any stipulation in the lease, the lessor is bound to pay the taxes on the land. *Leach v. Goode*, 19 Mo. 501. It is conceded by all the testimony in the case that in the interval between April, 1882, and September, 1882, the defendant occupied these lands not as owner but as lessee of the plaintiff, and it is immaterial whether such instrument was a formal lease as testified to by the defendant, or a license contained in a letter as testified to by the plaintiff, because in either event the defendant held under the plaintiff. That this instrument, whether it was a formal lease or a mere license, contained no obligation on the part of the defendant to pay the taxes, is conceded. It, therefore, necessarily results that the plaintiff was under obligation to pay the taxes, being at the date of their assessment the equitable owner of the land, and, as the defendant's possession was his possession, an owner in possession. A vendee in possession under a contract of sale at the date of the assessment is the real owner for the purposes of taxation, whether he holds the legal title or not. *Farber v. Purdy*, 69 Mo. 601.

The plaintiff has shown no right of recovery under the evidence, and, with the concurrence of the other judges, the judgment will be reversed.