CARRIE M. LA PAUL and Another v. FRANK HEYWOOD.[1]

February 3, 1911.

Nos. 16,919—(170).

**Improvements on leased land — payment of taxes.**

Where a lease is silent as to the payment of taxes, improvements which are removable by the tenant at the end of the term are taxable to him, and not to the landlord.

**Taxation — separate appraisal of improvements.**

In assessing any tract or lot of real property, the value of all structures and improvements thereon must be determined separately; but for the pur-

[1] Reported in 129 N. W. 763.

pose of taxation the structures and improvements are considered a part of the realty, and are assessed as such.

**Payment of taxes by landlord — recovery from tenant.**

Where no provision is made for the payment of taxes in a lease of real estate, and the lease provides that the structures or improvements put upon the lot by the lessee are removable, and the landlord is compelled to pay the entire amount of the taxes to save the property from being sold at tax sale, an action may be maintained by him against the tenant for the recovery of that portion of the tax levied upon the improvements.

Action in the district court for Hennepin county to recover $886, amount alleged to be due for unpaid rent and for taxes paid by plaintiff upon certain real property. The facts are stated in the opinion. From an order, Hale, J., sustaining defendant's demurrer to the second cause of action, plaintiffs appealed. Reversed.

*T. J. Stevenson,* for appellants.

*Arthur M. Higgins,* for respondent.

LEWIS, J.

Appellants were the lessors of a certain lot, and brought this action to recover certain taxes upon the improvements made by respondent as lessee, which amount appellants claim to have paid in order to prevent the property from being sold for taxes. The complaint states that the lot was leased for a period of ten years, with the privilege of renewal for another ten years; that by the terms of the lease respondent was obligated to erect on the lot, at his own expense, a two-story building, which he was at liberty to remove at the termination of the lease; that in pursuance of the agreement a building was erected at a cost of $30,000, which was separately valued and assessed for the taxes of 1906, 1907, and 1908, but the land and improvements were taxed together as one property; that respondent refused to pay the taxes upon the improvements for the years above mentioned; and that in order to prevent the property from being sold for taxes the appellants were compelled to pay and did pay the entire tax, amounting to $565.40. The complaint also contained an allegation that the respondent had agreed to pay all taxes above a certain valuation, and had refused to do so. The complaint was

demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and appellants appealed from an order sustaining the demurrer.

Where a lease is silent as to the payment of taxes, improvements which are removable by the tenant at the end of the term are taxable to him, and not to the landlord. 1 Tiffany, Landlord & Tenant (1910) § 141; Jones, Landlord & Tenant (1906) § 412; 2 Underhill, Landlord & Tenant (1909) pp. 1006–1008; 1 Taylor, Landlord & Tenant (1904) § 341; Phinney v. Foster, 189 Mass. 182, 75 N. E. 103; 24 Cyc. 1075. There is no provision of law by which the owner of land can pay the taxes, without at the same time paying the taxes upon all improvements located on the land. Under the law of Minnesota all buildings and improvements are for the purpose of taxation considered a part of the real estate, and must be assessed as such. Section 796, R. L. 1905. The assessor is required to view the premises, and to determine the true and full value of each tract or lot, and shall enter the value thereof, including the value of all improvements and structures thereon, opposite each description. Section 808. But in assessing any tract or lot of real property, the value of the land, exclusive of structures and improvements, shall be determined, and also the value of all structures and improvements thereon, and the aggregate value of the property, including all structures and improvements. Section 810. Of course, taxes assessed upon real property are a perpetual lien thereon, and all structures thereon. Section 975.

It necessarily follows, from these provisions and rules of law, that when a tenant under such a lease refuses to pay the taxes upon the improvements owned by him, and the landlord is compelled by law to pay the same to save his own property from sale, an action may be maintained against the tenant for the recovery of the money so paid. Our statute specifically provides for such an action. R. L. 1905, § 984. The essential facts to constitute such a cause of action are stated in the complaint. The lease makes no mention of the payment of taxes. The lessee placed improvements upon the lot to the value of $30,000, which by the terms of the lease were removable by him at the expiration of his term. The amount of the taxes for

.certain years on such improvements is stated with sufficient clearness. The lessee refused to pay his portion of the taxes, and the lessor paid them in connection with his own, in order to save the property from being sold.

It is only proper to state that the learned trial court appears to have sustained the demurrer upon the ground that the agreement to pay the taxes, as pleaded, was invalid, and the attention of the court was not called to the statute and rule of law upon which we hold the complaint sufficient.

Reversed.

JAGGARD, J., took no part.