MASSACHUSETTS BONDING AND INSURANCE COMPANY *vs.*
FLORENCE PELOQUIN.

Suffolk.    June 20, 1916. — September 13, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act. Supreme Judicial Court. Equity Jurisdiction,*
To suspend decree of Superior Court made under workmen's compensation act.

A decree made by a single justice of the Supreme Judicial Court in a suit in equity
brought under St. 1915, c. 132, ordering that a decree of the Superior Court
awarding compensation to the dependent widow of an employee upon a claim
under the workmen's compensation act be suspended during the pendency of
an appeal by the insurer, is founded on matters that rest in the discretion of
the single justice and is not subject to review by this court on appeal except in
instances where an error has been committed so gross as to amount to an abuse
and to be an arbitrary exercise of power.

The fact that in the opinion of the single justice the insurer has a substantial
defence to the claim which it intends to bring before the full court is a sufficient
cause for exercising the power of suspension.

RUGG, C. J.    This is a bill in equity under St. 1915, c. 132, the
material part of which is in a footnote,* for the suspension of a
decree of the Superior Court ordering the insurer to make a weekly
payment to Florence Peloquin, under the workmen's compensation
act.† The effect of the statute is to give discretionary power to a
justice of the Supreme Judicial Court to suspend or modify the
decree of the Superior Court pending the appeal.    Matters that
rest in the discretion of a single justice are not subject to review

---

* "Section 1.    An order or decision of the Industrial Accident Board, a
decree of the Superior Court upon such an order, a decision of an arbitration
committee from which no claim for review has been filed within the time
allowed therefor, or a memorandum of agreement approved by the Industrial
Accident Board, shall have effect, notwithstanding an appeal, until it is
otherwise ordered by a justice of the Supreme Judicial Court who may, in
any county, suspend or modify such decree, order or decision, during the
pendency of the appeal."

† The case was heard by *Carroll*, J., who made a final decree ordering that
the decree of the Superior Court upon the claim under the workmen's com-
pensation act be suspended during the pendency of an appeal by the insurer.
The alleged dependent widow of the employee appealed.

by this court save in instances where an error has been committed so gross in its nature as to amount to an abuse and to be an arbitrary exercise of power, or where equitable considerations in view of all the circumstances condemn its exercise. *Simmons* v. *Fish,* 210 Mass. 563, 565, 572. *Edwards* v. *Willey,* 218 Mass. 363, 366. *Richardson Shoe Machinery Co.* v. *Essex Machine Co.* 207 Mass. 219, 225. *Carleton* v. *Rugg,* 149 Mass. 550, 558.

The instant statute in its effect is similar to R. L. c. 159, § 22, which confers upon this court power to suspend a decree in equity pending an appeal. The reasons for the exercise of his discretion which were given by the single justice fall far short of revealing any unwarrantable ground. That the present plaintiff, who was the insurer, had in his opinion a substantial defence in law, which it intended to bring to the full court, was a sufficient cause for exercising the power of suspension. It is quite possible that only in this way could the rights of the plaintiff be protected in case it should ultimately prevail. Commonly the delay in presenting to the full court a case like the present must be comparatively short. *Griffin* v. *Griffin,* 222 Mass. 218.

There was no error in the refusal to grant the defendant's requests for rulings. So far as sound in law, they were not pertinent to the case in view of the discretionary decision of the single justice.

*Decree affirmed without costs.*

The case was submitted on briefs.

*R. H. Smith,* for the defendant.

*G. G. Bacon,* for the plaintiff.