### DANIEL E. DEMPSEY'S (dependent's) CASE.

Suffolk.    May 20, 1918. — June 25, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Appeal. *Supreme Judicial Court. Superior Court. Jurisdiction.*

Under St. 1915, c. 132, which provides that "a memorandum of agreement approved by the Industrial Accident Board, shall have effect, notwithstanding an appeal, until it is otherwise ordered by a justice of the Supreme Judicial Court who may, in any county, suspend or modify such decree [of the Superior Court] . . . during the pendency of the appeal," a single justice has discretionary power to suspend a decree of the Superior Court ordering an insurer to make payments to the dependent widow of a deceased employee, from which the insurer has claimed an appeal, and the granting of such an order of suspension is a proper

exercise of discretion if there is reasonable ground for raising the question of the insurer's right to appeal, although it afterwards is ordered by this court that the insurer's appeal be dismissed as claimed without right.

Under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and St. 1917, c. 297, § 7, there is no right of appeal from a decree of the Superior Court "based upon . . . a memorandum of agreement" approved by the Industrial Accident Board.

The denial by the statute mentioned above of the right of appeal from a decree of the Superior Court based upon such a memorandum of agreement applies to an appeal attempted to be taken on the ground that the court was without jurisdiction of the proceeding because the injury for which compensation was awarded occurred on navigable waters and, under the Constitution of the United States, was cognizable only under admiralty jurisdiction.

PETITION, filed in the Superior Court on March 16, 1918, under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and St. 1917, c. 297, § 7, by Agnes Dempsey, the dependent widow of Daniel E. Dempsey, a deceased employee, with whom as such dependent widow an agreement was entered into by the insurer under the provisions of the workmen's compensation act on March 29, 1917, which was approved by the Industrial Accident Board, by which agreement the insurer was to pay to the petitioner the sum of $10 a week for a period of four hundred weeks from November 9, 1916, alleging that the insurer had made the required payments up to August 9, 1917, but had made no payment since that time, and praying for a decree ordering the insurer to make the payments in accordance with its agreement.

The case was heard by *Fox*, J., who on March 25, 1918, made a decree that the payments be made with costs and that execution therefor issue against the insurer. The insurer appealed.

On April 18, 1918, the insurer filed in the Supreme Judicial Court a petition under St. 1915, c. 132, praying for an order by a justice of that court suspending the decree of the Superior Court described above during the pendency of its appeal.

The petition for the order of suspension was heard by *Loring*, J., who on April 24, 1918, made an order that the decree be suspended during the pendency of the appeal, provided that the insurer should cause the papers to be printed and entered in the Supreme Judicial Court for the Commonwealth on or before May 8, 1918, and that, if requested by the dependent widow, the appeal should be submitted on briefs on or before May 20, 1918, for

determination by the full court. The dependent widow appealed from the order.

The case was submitted on briefs.

*H. S. Avery,* for the insurer.

*R. H. Smith & W. G. Thompson,* for the dependent widow.

RUGG, C. J. The material facts disclosed by the pleadings in these records are that Daniel E. Dempsey was an employee of T. Owen Tully, who was a subscriber under the workmen's compensation act. The employee received mortal injuries in the course of and arising out of his employment on November 2, 1916. The widow of the employee and the insurer thereafter entered into an agreement for compensation under the act, a memorandum of which was filed with, and on May 17, 1917, approved by, the Industrial Accident Board, and no appeal was taken therefrom. St. 1911, c. 751, Part III, § 4, as amended.

Payments were made in accordance with the terms of that agreement up to August 9, 1917, when the insurer, without the assent of the dependent or the employee, and without the approval of the Industrial Accident Board, St. 1916, c. 90, ceased to make payments. The dependent thereupon filed in the Superior Court a petition with appropriate allegations setting forth a copy of the agreement and of the approval of its terms by the Industrial Accident Board, and praying for the entry of a decree and the issuance of an execution for the payments due under the agreement. St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and St. 1917, c. 297, § 7. A decree was entered in accordance with the petition and execution ordered. The insurer claimed an appeal in due form. The insurer then filed in the Supreme Judicial Court a petition alleging in substance that it had entered into the agreement and had made the payments until August 8, 1917, when for the first time its attention was called to the judgment in *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, decided in May, 1917, which it interprets as holding that the workmen's compensation act has no bearing upon accidents occurring on navigable waters; that the mortal injury to the deceased employee occurred upon the steamship Devonian while lying at the wharf in the navigable waters of Boston Harbor, and that hence it was not liable under the act, and praying that the decree of the Superior Court be suspended until the merits of its contentions could be decided by this court.

There was no error of law in the conditional order of the single justice suspending the decree of the Superior Court under St. 1915, c. 132. That statute provides in effect that orders and decisions of the Industrial Accident Board and decrees of the Superior Court, decisions of the arbitration committee from which no appeal has been taken, and agreements approved by the board, shall have effect notwithstanding appeal unless otherwise ordered by a justice of this court. It is a strong exercise of legislative power to compel a party to pay out money upon an alleged obligation which is contested and undecided by an authoritative adjudication. The manifest purpose of the statute is to confer upon the single justice jurisdiction to suspend, co-extensive with the mandate to comply with, the operations of the act before their validity has been finally established. The entry of the order rested in the discretion of the single justice. *Massachusetts Bonding & Ins. Co.* v. *Peloquin*, 225 Mass. 30.

The main contention of the insurer is that it was decided in *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, to be beyond the power of the several States to enact a workmen's compensation act applicable to injuries occurring upon navigable waters, because under the Constitution of the United States they are governed by maritime law and are cognizable only under admiralty jurisdiction, and that since the injury to the deceased employee occurred on a steamship afloat in navigable waters, the insurer was not liable under the workmen's compensation act. That contention, however, is not open to the insurer in this proceeding. It had no right to appeal from the decree of the Superior Court. The workmen's compensation act has a procedure all its own, as has been pointed out in earlier decisions. *Gould's Case*, 215 Mass. 480. Its provisions are explicit that there can be no appeal from a decree of the Superior Court entered upon a memorandum of agreement approved by the board. The pertinent words of Part III, § 11, of the act, as amended, are that a decree of the Superior Court shall have the same effect and " all proceedings in relation thereto shall thereafter be the same as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom . . . where the decree is based upon . . . a memorandum of agreement." These words are definite and plain. They leave no room for doubt or discussion. The act

,makes no provision for appeal from a decree of the Superior Court, such as here was entered. The case in this respect is governed by *Hazel Young's Case,* 218 Mass. 346, 353, 354. The reasoning of that opinion is equally applicable to the situation here disclosed.

The insurer urges that the act gives efficacy to an agreement of settlement approved by the Industrial Accident Board "only when the terms conform to the provisions of" the act, Part III, § 4, as amended by St. 1912, c. 571, § 9, and that this agreement by reason of the decision of *Southern Pacific Co.* v. *Jensen, ubi supra,* does not conform to the act. This is only another form of statement of the contention that it is seeking review of the decree of the Superior Court by way of appeal, which cannot be done. The merits of that decree cannot be examined in this procedure. This does not appear, however, to be a proceeding prosecuted without reasonable ground within Part III, § 14 of the act.

It follows that the order of the single justice must be affirmed and that the insurer's appeal from the decree of the Superior Court must be dismissed.

*So ordered.*