## McClelland, Executor v. Murphy.

(Decided June 20, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Landlord and Tenant—Lessee Holding Over More than 90 Days Entitled to Retain Posession for Remainder of Year.—Tenant, allowed to retain possession for 90 days after expiration of term,

was entitled, under Ky. Stats., section 2295, to remain in possession balance of year.

2.  Landlord and Tenant—Presumed Terms of Original Lease, Including Provision for Removal of Improvements, were Included in Extension of Lease.—Where parties, after expiration of written lease, treated contract as continuing, it must be presumed that all terms of writing, including one providing for removal of improvements by lessee at termination of lease, were included in extension of lease, though this may be overcome by evidence showing contrary intention.

3.  Fixtures—Presumption in Favor of Right of Tenant to Remove Buildings.—Presumption is in favor of right of tenant to remove buildings which he has placed on leased property for his own purposes.

4.  Fixtures—Tenant, Surrendering Premises Without Removing Buildings, Loses Right of Removal.—Tenant, having right to remove buildings at termination of his lease, loses such right on surrendering premises without removing buildings.

JAMES T. A. BAKER and GARNER CLARK for appellant.

BOOTH, McDOWELL & CONNOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee, Jennie M. Murphy, before her marriage was Jennie N. Taylor, and in 1883 owned a vacant lot in the city of Louisville which she, by written contract, leased to appellant's decedent, Kell, for a term of fifteen years at a stipulated yearly rental payable semi-annually. Kell erected two cottages on the lot and rented them to tenants. At the end of the fifteen-year term the parties made the following endorsement on the contract:

"April 11, 1898, this lease by the consent of both parties is extended five years for which the party of the second part agrees to pay $75.00 per annum."

Later, about a year after the expiration of the last term, the parties entered into a new lease in substance the same as the old one except it ran for only five years.

These lease contracts contained the following provision:

"It is further agreed that the said second party shall have the right, on the termination of this lease to remove all improvements put on the demised

premises, all the rent being first paid, leaving, however, the fencing and privy in good order and also the lot free and clear of and from all rubbish, filth or other incumbrance.''

The last written contract bears an endorsement similar to the one copied above, extending it for a term of two years, but this endorsement was not made immediately upon the expiration of the contract but after a lapse of a year or more, during which time the parties had continued the lease in force apparently upon the same terms as those expressed in the writing.

The last written extension of the lease expired April, 1917, but the lessee continued to occupy the premises with the consent of the lessor and to pay rent thereon from that time until 1923, when for some reason the semi-annual rents were not paid when due; thereupon the lessor demanded the overdue rentals as well as possession, but both were refused. Some three months later the lessee paid the past due rent but declined to give possession. Shortly thereafter this action was commenced by the lessor, Mrs. Murphy, against the executor of the estate of Kell, for a declaration of the rights of the parties to the lease contracts as provided by the declaratory judgment act. After issue joined the court adjudged the tenant entitled to hold possession to April, 1924, but ruled that the lessee was not entitled to remove the improvements—the two cottages—from the leased premises, because of which ruling the executor of the tenant prosecutes this appeal.

The questions presented are: First, was the tenant entitled to hold on for the balance of the year under section 2295, Kentucky Statutes, he having held over more than ninety (90) days after the expiration of the term; and second, was the tenant entitled to remove the improvements which he placed on the lot of the landlord, the term fixed by the writing having expired many months theretofore?

1. We think the trial court correctly adjudicated the rights of the parties with respect to the termination of the lease in holding that the tenant who had been allowed to retain possession for ninety days after the expiration of the term was entitled, under section 2295, Kentucky Statutes, to remain the balance of the year. At any rate the year ended last April, which makes it a moot question now.

2.  The second question presents greater difficulties of solution.  By the provisions of the lease contract the tenant was entitled "to remove all his improvements put on the demised premises" on the termination of the lease, provided "all the rents being first paid;" and further provided that the fencing and other improvements were left in good order and that the lot was "free from all rubbish, filth and other incumbrances."  The improve-, ments were not removed during the term of the lease nor for more than seven (7) years after the last written con-tract expired.  But the landlord accepted the rents each year and continued the tenant in possession on exactly the same terms as before, so far as we are able to deter-mine.  The presumption with respect to the right of the tenant to remove the improvements from the premises is in favor of the tenant, but this may be overcome by evi-dence showing a contrary intention on the part of the parties.  Here the parties treated the contract as con-tinuing and in force even after the expiration of the term provided in the writing, and in doing so, we must presume that all the terms of the writing were included in the ex-tension of the lease.  "A lessor and a lessee," says 11 R. C. L. 1802, "may, of course, enter into an agreement that a building erected by the lessee shall remain the property of the lessee and may be removed by him at the expira-tion of his term.  The presumption is in favor of the right of a tenant to remove buildings which he has placed on the leased property for his own purposes.  But inde-pendently of any agreement the intention of the lessee has much to do with the question, and if his intention is made known and his acts are consistent therewith, the fixture may remain his personal property, unless its mode of annexation is such that it cannot be removed.  The building is deemed to be personal property during the life of the lease, and becomes real estate upon the expir-ation or surrender thereof without removal."

Had the tenant surrendered the premises without removing the cottages his right to do so would have terminated; but so long as he remained in possession, paying the rents in accordance with the original written contract as extended by endorsement from time to time, we think the parties contemplated that the clause of the writing giving the lessee the right to remove the im-provements placed on the lot at the termination of the lease continued in force, especially in view of the fact that they could at two different periods from the incep-

tion of the lease in 1883 to 1917 have done so, and the tenant was allowed to remain in possession after the expiration of the written contracts and extensions upon exactly the same terms as those embraced in the writing, thus clearly indicating the intention and willingness of the lessor to allow the tenant to occupy the premises under such terms. When the writings were renewed or extended the same terms with respect to the removal of the improvements were continued, and this, we think, shows that the lessor never intended to claim the improvements. When the last written lease expired the parties no doubt intended to renew it but neglected to do so. The presumption may be indulged, we think, that had the renewal of the lease been made in writing it would have contained the same clause as the old contained with respect to the removal of the improvements by the lessee.

A well reasoned case is that of Lewis v. Ocean Navigation Company, 125 N. Y. 341, where it is said:

"There is no reason why the right should be lost before he quits possession as tenant, even though he holds over. The rule is based upon the question of public policy, which suggests that the tenant shall remove during his term, i. e., while in possession as a tenant, whatever he has the right to remove at all, so that the landlord may be himself protected and so that the tenant shall not be permitted after his surrender of possession, to enter upon the possession of the landlord or his succeeding tenant and remove what he might have taken before, but which by leaving he has tacitly abandoned, and which the landlord may already have let to his succeeding tenant. A regard for such succeeding interests requires the adoption of a rule necessitating the removal of fixtures during the time of possession but not in all cases during the running of the term." 26 C. J. 706; Meade v. Lansdowne, 2 Ky. Opin. 279; Howard v. Fessenden, 14 Allen (Mass.) 124.

Most of the cases hold that where an agreement exists between the landlord and tenant whereby the tenant may remove the improvements from the premises the removal must be during the term, but where the tenant is allowed to hold over under similar conditions as to rent the presumption will be that the right to remove improvements is continued with the possession and he will

be allowed to remove them at any time before relinquishment of possession. 26 C. J. 707. The facts in this case distinguish it from the cases holding to the contrary. Here the parties over and over reiterated their agreement allowing the tenant to remove the improvements, and so far as the record discloses neither party entertained any different purpose up to the moment the lessor demanded possession of the executor of the deceased lessee in 1923. Under such facts we conclude that the improvements continued to be the personal property of the tenant, which he had a right to remove at any time before he relinquished possession.

The case of Unz, &c. v. Price's Admr., Etc., 22 Ky. Law Rep. 791, upon which the lower court rested its opinion, does not announce a different rule. In that case the lessee did not obtain a renewal of the lease with a clause allowing the removal of the improvements. When the original lease, containing the clause allowing the tenant to remove improvements, expired, a new contract was made which did not contain any stipulation concerning the removal of the improvements. In entering into a new contract on different terms without provision for removal of improvements the tenant in that case abandoned his right to the improvements. The facts in that case are very unlike those in this case. The learned trial judge erred in attempting to apply the rule recognized in that case to the facts in this case.

Judgment reversed for proceedings in conformity to this opinion.