WILLIAM F. SMITH *et al. v.* SUGAR CREEK COAL COMPANY

(No. 6965)

Submitted May 19, 1931. Decided June 2, 1931.

554

*W. L. Lee* and *V. L. Black*, for plaintiffs in error.
*Dillon, Mahan & Holt*, for defendant in error.

WOODS, JUDGE:

This is an action in assumpsit against the Sugar Creek Coal Company, a corporation, assignee of a certain coal mining lease bearing date the 20th day of October, 1894, executed by Francis N. Smith and Enoch Smith to the Sugar Creek Coal & Coke Company, a corporation. The assignment was made in 1921. Up until the taxes for 1927 became due either the original lessee or its assignee (the latter after 1921) had paid the taxes on all improvements placed by either of them upon the leased premises. In 1927, defendant refused to pay taxes and stopped payment of minimum royalty, claiming a set-off against such royalty on account of taxes previously paid by it, which set-off claim was filed in the present action. The trial court allowed the set-off for only the 1925, 1926 and 1927 taxes, the plaintiff having plead the statute of limitations, and entered judgment in favor of the defendant for the sum of $590.08, with interest and costs. Plaintiffs prosecute error.

The lease, which was for a term of twenty-five years, with an extension privilege in case the coal was not at said time wholly mined from the premises, granted the lessee the right to mine and remove coal from what is known as the Sewell seam, in consideration of a certain royalty per ton and a certain minimum royalty per year. It also contained a provision that "if at any time the said demised premises are abandoned by the lessee or its assigns for the period of six months, then and in that event all the improvements placed upon said leased premises shall become and remain the property of the lessors as liquidated damages and it is expressly stipulated and agreed that at the expiration of this lease all the improve--

ments of every kind and character placed by the lessee or its assigns upon said leased premises shall become and remain the property of the lessors.'' No provision, however, is contained in the lease in regard to the payment of taxes on the improvements that may be placed thereon by the lessee. The absence of such a provision is responsible for this litigation.

It is well settled that, as between the lessor and lessee of property, the latter is liable, in the absence of a special agreement, for taxes on improvements which have been placed upon the land by him for his own use and benefit. *Watson* v. *Home,* 7 B. & C. 285, 14 E. C. L. 45, 6 L. J. K. B. 73, 1 M. & R. 191, 31 Rev. Rep. 200; *Smith* v. *Humble,* 15 C. B. 321, 80 E. C. L. 321, 3 C. L. R. 225; *Hude* v. *Hill,* 3 T. R. (Eng.) 377; *Yeo* v. *Leman,* 2 Stra. (Eng.) 1191; *Philadelphia, etc. R. Co.* v. *Appeal Tax Ct.,* 50 Md. 413; *Phinney* v. *Foster,* 189 Mass. 182, 75 N. E. 103; *Leach* v. *Goode,* 19 Mo. 501; *Joslyn* v. *Spellman,* 9 Ohio Dec. (Reprint) 258, 12 Cinc. L. Bul. 7; *LePaul* v. *Heywood,* 113 Minn. 376, 129 N. W. 763, Ann. Cas. 1912A, 274, 32 L. R. A. (N. S.) 368.

The defendant does not directly challenge the above statement of the law, but attempts rather to construe the lease to mean that the improvements thereon have become and are the property of the lessor, and ownership being in him, that he is liable for taxes. In support of such construction, he refers to that portion of the instrument which provides that at the expiration of the lease ''all the improvements of every kind and character placed by the lessee or its assigns upon said leased premises shall become and remain the property of the lessors.'' But does this confer title to all improvements on the lessor? Does the clause establish ownership? As will be noted, the clause immediately preceding the provision relied on by defendant provides that if the demised premises are abandoned by the lessee or its assigns for a period of six months, ''then and in that event all the improvements placed upon said leased premises shall become and remain the property of the lessors as liquidated damages.'' Clearly no dominion or title has been relinquished.

The case of *People* v. *Barker,* 153 N. Y. 93, 47 N. E. 46, cited by the defendant, supports the general rule heretofore

stated. There it was held that a shed erected by a lessee, upon a pier leased from the city of New York, under a lease requiring its erection and providing that it is "to become the property" of the city "on the expiration of the lease," became the property of the city on being erected and affixed to the realty, and, hence, was not assessable for taxation as property of the lessee. As stated by the court in that case: "The obligation to erect the structure, as one of the conditions of the letting, and the denial of the right of removal are considerations, which irresistably militate against the assertion of a right to assess them as property of the realtor for taxation." The instant case is quite different, in that there was nothing in the lease requiring any particular improvements to be placed upon the property.

The court will take judicial knowledge of the fact that the duration of the lease usually determines the character of the improvements placed on coal property. At the end of such period the improvements are generally of slight or no value. The great reduction in the valuation placed on the improvements on the present property by the assessor for the last few years shows that the property has been allowed to depreciate to a noticeable extent. No contention is made on behalf of the defendant that the property involved in this litigation was placed on the premises for the use and benefit of any person other than the operating companies.

The judgment of the circuit court is reversed, and judgment entered here for the plaintiff.

*Reversed and entered.*