# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

JOSEPH G. WRIGHT, administrator, *vs.* WESLEY FRASER & others (estate of Christina Dore). January 16, 1940. Decree affirmed. The evidence, or statements of counsel, if such were received in lieu of evidence, are not reported. The findings of material facts made by the trial judge in his report are consistent with each other. It follows that the findings must stand and are not open to review here. *Wyness* v. *Crowley*, 292 Mass. 459, 460, 461. They are ample to support the decree of the Probate Court. G. L. (Ter. Ed.) c. 202, §§ 1, 2, 6, 7, 8, 10, 14.

E. J: *Bushell*, for the respondents.

J. G. *Wright*, (P. J. *Nelligan* with him,) for the petitioner.

JOHN J. MURPHY's CASE. January 18, 1940. Appeal dismissed. This is a petition filed in the Superior Court by an employee to enforce an alleged agreement approved by the Industrial Accident Board between an employee and his employer, which stands also in the position of insurer. See G. L. (Ter. Ed.) c. 152, § 6. Such an agreement, if in conformity to law, may be enforced by the Superior Court under the provisions of G. L. (Ter. Ed.) c. 152, § 11, as amended, providing that the Superior Court "shall . . . render a decree in accordance therewith," but that "there shall be no appeal therefrom . . . where the decree is based upon . . . a memorandum of agreement." By force of this statute no appeal lies from a decree on the petition in this case, and the appeal must be dismissed. *Dempsey's Case*, 230 Mass. 583, 587. *Sterling's Case*, 233 Mass. 485, 490. *DiLeo's Case*, 295 Mass. 568, 570–571. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo*, 298 Mass. 401, 402–403. See also *Young* v. *Duncan*, 218 Mass. 346, 353–354; *Sciola's Case*, 236 Mass. 407, 411–412; *Rocha's Case*, 300 Mass. 121, 125.

J. M. *Hargedon*, for the claimant.

J. P. *Kane*, City Solicitor, for the city of Lawrence.