KENTUCKY FARM & CATTLE COM-
PANY, Plaintiff,

v.

Samuel Earl WILLIAMS, individually and
as Administrator of the Estate of Jo-
seph F. Dolan, deceased (formerly Lee
V. Williams, Executor of the Estate of
Joseph F. Dolan), et al., Defendants.

No. 1091.

United States District Court
E. D. Kentucky, Lexington.

April 27, 1956.

Gess, Mattingly, Saunier & Atchison,
William B. Gess, Jack F. Mattingly, Lex-
ington, Ky., for plaintiff.

Brown, Miller & Griffin, John Y. Brown, Harry B. Miller, Jr., Robin Griffin, Lexington, Ky., for defendants.

FORD, Chief Judge.

The question presented in this case arises from a controversy between the parties as to whether a provision obligating the landlord to pay all taxes assessed upon and against leased premises and the improvements thereon, including those erected by the lessee, if any, contained in an original lease contract, should, as between the parties, be interpreted to obligate the lessor to pay the taxes upon large barns and other structures erected on the premises by the lessee for its own use and benefit under a supplemental lease providing that such structures are to be and remain "the sole property of the lessee" with the right to the lessee to remove them from the premises at the end of the term or at the termination of the contract by lessee's exercise of its option to cancel it on January 1st of any year.

■ The plaintiff, the lessee under the contracts above referred to, was formerly known as Woodside Improvement Company. It is a New York corporation. The defendants are heirs and devisees under the will of Joseph F. Dolan, the original lessor, and are his successors in title to the real estate here involved and to his rights and liabilities under the contracts. They are citizens of Kentucky. The requisite jurisdictional amount is involved. The Court has jurisdiction of the parties and the subject matter. 28 U.S.C.A. § 1332.

The case originated as a proceeding by the plaintiff for a declaratory judgment in respect to the rights of the parties under the leases in question. The particular provisions of the contracts, in respect to which plaintiff sought a declaratory judgment, have been determined by an agreed judgment, leaving for present determination only the question above stated which was raised by defendants' counterclaim, as amended.

The facts are that on August 3, 1943, the late Joseph F. Dolan entered into a contract with plaintiff under its former name, Woodside Improvement Company, by the terms of which Mr. Dolan leased to plaintiff his farm consisting of 269.-33 acres located in Fayette County, Kentucky, for use "as a stock farm and/or general farming and agricultural purposes" at a rental of $314.22 per month for a term of thirty years from January 1, 1944. Paragraph 8 of this contract contains the following provision in respect to improvements on the leased property:

"* * * the Lessee shall have the right and privilege to repair, alter, change and modify the existing improvements upon said farm, at its expense, and also to erect, at its expense, any building or buildings, or other improvements on the premises it desires and may demolish any small out-houses and minor buildings now on said farm, but agrees not to move or remove any dwelling house, tenant house or barn now situated on said farm without the written consent of the Lessor. The Lessor agrees that said written consent will not be unreasonably withheld. The Lessee shall have the right and privilege to remove from said premises at the end of said term, or earlier if this lease shall be terminated as hereinafter provided, all improvements placed upon said premises by it, if any, such as silos, small structures and the like which can be moved without irreparable damage to the land. Said improvements shall remain the property of the Lessee. Permanent and unmovable improvements, such as large barns, stables and tenant houses and permanent alterations in the existing improvements, erected or made by the Lessee on said farm shall be left upon said premises and become the property of the Lessor whenever the Lessee shall vacate the premises."

Paragraph 13 of this contract is as follows:

"The Lessor agrees to pay all taxes assessed upon and against said premises and the improvements thereon, including those erected thereon by the Lessee, if any."

However, on November 16, 1944, the parties entered into a supplemental lease and agreement extending the maximum term of the lease of the property for an additional twenty years but with the same option to the lessee to cancel the lease on January 1st of any year upon giving six months notice. By this agreement, the contract of March 3, 1943, was amended in various respects. The only provisions of this supplemental agreement which seem pertinent to this controversy are as follows:

"That clause (8) of the aforementioned lease of August 3rd, 1943, shall be, and the same is hereby, amended, altered, modified and changed to the extent that the Lessee shall have the right and privilege to remove from the demised premises at the end of the term of said lease, as hereinafter extended, or earlier if the lease shall be terminated, as provided in Clause (15) of said lease of August 3rd, 1943, all buildings and improvements of every type, form and description, permanent and temporary, erected or constructed thereon by it, and said buildings and improvements shall remain the property of the Lessee.

"(B) * * * There shall be no obligation upon the Lessor to insure any building, structure or improvement either heretofore or hereafter erected or constructed by the Lessee upon the demised premises against loss by fire or wind, but the Lessee may, if it so desires, insure the same, or any part or portion thereof, against loss by fire and/or wind in any amount that it may elect, said buildings, improvements and structures being, as aforestated, the sole property of the lessee; and

"(C) * * *

"In all respects and particulars, other than as herein stated, said lease of August 3rd, 1943 shall remain in full force and effect as originally executed."

At all times since the making of the supplemental contract of 1944, the plaintiff has operated numerous other farms owned or leased by it, and since 1944 has increased the acreage from year to year until in 1955 the total acreage of all farms owned and leased was 3,843.647 acres (see Stipulation filed January 14, 1956). Mr. Dolan consented that this large acreage be operated by plaintiff as a farming unit.

Under the rights granted plaintiff by the supplemental contract of 1944, plaintiff thereafter erected upon the leased premises 8 large tobacco barns, each being 52 feet by 280 feet, 24 feet to the square, a stripping room 40 feet by 175 feet, a repair shop 40 feet by 100 feet, a tenant house 32 feet by 32 feet, and 2 silos each 16 feet by 50 feet at a total cost of $160,100.

It seems quite clear that by the 1944 agreement it was the intention of the parties that these large structures on the Dolan farm, of which plaintiff retained sole ownership and right of removal, were erected by plaintiff for its sole use and benefit in the operation of its extensive farm enterprise. Unlike the structures referred to in the original contract of 1943, they were not of the character to enhance the value of the Dolan farm for they did not become a part of the realty and, notwithstanding their location on the leased land, the lessor acquired no right, title or interest in them, except perhaps a landlord's lien for rent under KRS § 383.070. The contract of 1944 which authorized their erection contains no special agreement in respect to payment of taxes upon them. The plaintiff relies solely upon the provisions of paragraph 13 of the original

contract claiming that clearly and without ambiguity it covers the structures referred to in the supplemental agreement and calls for no interpretation. With this contention, we are unable to agree. The express provisions of the supplemental agreement of 1944 seem to make applicable here the rule stated in 27 Am.Jur. § 4, page 262, that "Buildings and other improvements placed upon real estate may be treated as movable personal property where such was the intention of the contracting parties and where such intention is clearly expressed in the contract of the parties with reference thereto." McClelland v. Murphy, 204 Ky. 329, 332, 334, 264 S.W. 733, Finley v. Ford, 304 Ky. 136, 140, 200 S.W.2d 138; Pennington v. Black, 261 Ky. 728, 736, 88 S.W.2d 969.

There is nothing in the original or supplemental agreement to indicate that the word "improvements", as used in paragraph 13 of the 1943 contract, relating to lessor's obligation to pay taxes, was intended by the parties to embrace anything other than such structures as are ordinarily included within the meaning of the term "improvements". "Generally speaking, the word 'improvement' may be said to include everything that enhances the value of premises permanently for general uses." 27 Am.Jur. § 2, page 260.

A stipulation entered into by the parties and filed in this action on January 14, 1956, sets out the ad valorem taxes assessed to and paid by defendants each year upon the leased premises, including the structures above referred to, and shows the amount of tax properly attributable to the structures above mentioned for each year since 1952, the first year in which the above mentioned structures were embraced in the tax assessment, amounted to $1186.14.

■ In Kentucky, for the purposes of taxation for state, county and other taxing districts, land and the structures upon it are assessed to the owner of the land, KRS § 132.230; and it was only by paying the taxes upon the whole that the landowners could avoid enforcement of a tax lien against their property. Their performance of this obligation to the state did not affect the rights and liabilities of the parties as between themselves. La Paul v. Heywood, 113 Minn. 376, 129 N.W. 763, 32 L.R.A.,N.S., 368.

■ The applicable rule in respect to liability as between lessor and lessee for payment of taxes on structures placed on land by lessee is stated in a note to the report of La Paul v. Heywood, supra, in Ann.Cas.1912A, page 275, thus: "As between the lessor and lessee of property the latter is liable, in the absence of a special agreement, for taxes on improvements which have been placed upon the land by him for his own use and benefit. * * * If the lessor has been compelled to pay the tax upon the improvements he is entitled to recover the amount from the lessee, as where the taxes have been assessed upon the ground and buildings together and the lessor has been obliged to pay the whole sum assessed in order to discharge his property." In support of the editor's statement of the established rule, in addition to the reported case, numerous authorities are cited, including Phinney v. Foster, 189 Mass. 182, 75 N.E. 103; Leach v. Goode, 19 Mo. 501.

■ It seems obvious that, though remaining "in full force and effect as originally executed", in accord with paragraph (C) of the Supplemental Agreement, it was not the intention of the parties to extend or enlarge the application of paragraph 13 of the original Contract beyond that contemplated at the time it was executed.

There is nothing to show that at the time of the execution of the original Contract the parties contemplated that lessor was to be obligated to bear the tax burden of innumerable large barns and other large structures which might be erected upon the premises by lessee for its own use and benefit, to be and remain the property of the lessee and removable at its pleasure at the end of any year upon six months notice or at the expiration of the lease. The facts disclosed upon the face of the contracts

here involved seem to effectively negative such an idea.

Therefore, the defendants are entitled to judgment for $4,744.56, the total paid by them on account of taxes properly attributable to property of the plaintiff located upon the leased premises for the year 1952 to and including 1955; and it should be further adjudged that in the future, during the continuance of the lease, plaintiff must bear the tax burden properly attributable to its property heretofore and hereafter erected upon the Dolan farm for lessee's use and benefit under the supplemental lease-agreement of November 16, 1944. See KRS § 134.080.

Judgment may be submitted for entry in conformity herewith.