# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

MACNEIL BROS. COMPANY vs. STATE REALTY COMPANY OF BOSTON, INC. June 2, 1960. Decree affirmed with costs of the appeal to the defendant. The petition seeks an order suspending, pending appeal, the operation of a decree of the Superior Court. G. L. c. 214, § 22 (as amended through St. 1948, c. 309). After hearing the single justice dismissed the petition. The plaintiff appealed. This was not a decision on the merits, and no abuse of discretion is disclosed by the record. *Handy Cafe, Inc.* v. *Costello Distrib. Co.* 334 Mass. 707.

ANNIE M. WARD vs. EDGAR M. GROUT. June 2, 1960. Exceptions overruled. This is an action of tort arising out of a collision on September 23, 1956, in South Attleboro, between an automobile operated by the plaintiff and one operated by the defendant. The jury returned a verdict for the defendant. The sole question arises out of a ruling on evidence which arose in these circumstances. According to the plaintiff's evidence her automobile had crossed the southbound lanes of Route 1A and had gotten into the first northbound lane when it was struck by the defendant's automobile which was proceeding south at forty to forty-five miles an hour. One of the issues was whether the defendant was negligent in not stopping his automobile in time to avoid the accident. On cross-examination of the defendant he was asked if he was aware that an automobile travelling at forty to forty-five miles per hour "travels a certain number of feet per second." The defendant answered, "I know it does, but I don't know the number of feet per second." The witness, having been shown a pamphlet entitled "Questions and Answers Relating to Motor Vehicle Laws," was asked questions based on the pamphlet as to how far an automobile going at given speeds would travel in certain intervals of time. He answered that he did not know. Counsel for the plaintiff then proceeded to ask a further question of this sort based on the pamphlet, and it was excluded on objection of the defendant, subject to the plaintiff's exception. The extent of cross-examination rests largely in the sound discretion of the trial judge. In view of the defendant's previous answers, we cannot say that the judge erred in excluding the question which is the subject of the plaintiff's exception. *Commonwealth* v. *Beal,* 314 Mass. 210, 229.

The case was submitted on briefs.

*H. William Radovsky, John F. O'Donoghue, & Charles Sallet,* for the plaintiff.

*Gerald P. Walsh,* for the defendant.