NORMAN P. MAMBER *vs.* MASSACHUSETTS BANK AND TRUST COMPANY. February 28, 1975. The plaintiff appeals from a decree by a single justice of this court denying his petition (presumably under G. L. c. 214, § 22, as in effect prior to St. 1973, c. 1114, § 62) for revocation or modification of an interlocutory decree of the Superior Court which permitted the defendant (who is the defendant in 'the case pending in the Superior Court) to amend his answer so as to state a counterclaim against the plaintiff (who is the plaintiff in the Superior Court). A refusal to exercise the discretionary power conferred on the single justice by § 22 is "not subject to review by . . . [the full] court save in instances where an error has been committed so gross in its nature as to amount to an abuse and to be an arbitrary exercise of power, or where equitable considerations in view of all the circumstances condemn . . . [the refusal]." *Massachusetts Bonding & Ins. Co.* v. *Peloquin,* 225 Mass. 30, 30-31 (1916), and cases cited. Even if the scanty record before us in this appeal (consisting only of the petition and the decree denying it) fully supported the facts which the plaintiff's brief recites and which he contends show error by the Superior Court, there is nothing in that recital which would have required the single justice to conclude that relief by appeal in the ordinary course would not be fully effectual. *MacNeil Bros. Co.* v. *State Realty Co. of Boston, Inc.* 341 Mass. 725 (1960).

*Decree affirmed.*

*Norman P. Mamber,* pro se.

*Steven J. Comen* for the defendant.