Fumari, J.
This is an action for breach of a contract to construct a foundation and to install thereon a prefabricated, modular home.
The plaintiffs, Fred S. and Mary S. Caruso (“Carusos”) purchased a lot of land in Haverhill, Massachusetts from the defendant, Robert D. Murgia & Co., Inc. *24 (“Murgia”). Murgia contracted to excavate the lot, construct a foundation and install a ranch house/modular home purchased by the Carusos from a third party. Murgia also agreed to connect all utilities, to construct stairs and appurtenant structures and to make interior changes in the modular home.
The Carusos allege[2] that, subsequent to their occupation of the premises, substantial amounts of ground water began to enter the basement/cellar area. Murgia admitted that there was some water seepage, but denied that the amount was substantial. Murgia also alleged thathe had endeavored to correct the problem by regrading the area peripheral to the house. The cause of the basement water problem appears to be undisputed; namely, that the foundation was placed too low in thegroundrelative to theoutside, final grading ofthelotwiththeresultthatthere • was not a sufficient pitch away from the house to prevent water from entering through basement windows which were level with the grade.
Although the report is sparse, it may be inferred that the habitability of the basement/cellar and water damage to improvements made in the foundation level were the salient issues at trial. Murgia testified that the terms “cellar” and “basement” are conceptually distinct in the Massachusetts State Building Code, and that the foundation level of the Carusos' home was a cellar not meant to be occupied for dwelling purposes. The report states that there is reference in an addendum to the parties' purchase and sale agreement to both “basement” and “cellar.” Upon cross-examination of Murgia, plaintiffs' counsel attempted to elicitthe contractor's understanding of the word “basement” in an. apparent effort to rebut Murgia's testimony that it was not required to construct a foundation that was habitable. The trial court excluded this line of questioning, and the plaintiffs promptly requested a report of such evidentiary ruling.
The trial court also excluded plaintiffs' direct examination of the plaintiffs' daughter, a lawful tenant of the premises, as to the value of interior, fixture improvements she made to the basement area despite other evidence of water damage to new basement walls and ceiling. The plaintiffs also properly claimed a report on this ruling.[3]
Judgment was entered for the contractor, Murgia.
The plaintiff now claims to be aggrieved by the trial court's evidentiary rulings and by the court's disposition of plaintiffs' requests for rulings numbers 1,2 and 3.[4]
It is unnecessary, however, to review the court's treatment of plaintiffs' Dist./ Mun. Cts. R. Civ. P., Rule 64(b) requests as the court's evidentiary rulings are dispositive of this appeal. We hold that the trial court's exclusion of evidence sought to be introduced by the plaintiffs was error requiring a new trial of this case.
1. The plaintiffs should have been allowed to question Murgia on cross-examination as to his differentiation between the terms “basement” and “cellar”.
The scope and extent of cross-examination generally rest within the sound discretion of the trial judge. Ward v. Grout, 341 Mass. 725 (1960); Davis v. Hotel Statler Co., 327 Mass. 28, 30 (1960).[5] In Massachusetts, a party may cross-examine *25 an opponent's witness as to all aspects of the case, whether any given aspect was brought out on direct examination. That is, the party may put in his own affirmative case in cross-examination of the opponent's witness. O'Connell v. Dow, 182 Mass. 541, 546 (1903); Blackington v. Johnson, 126 Mass. 21, 23 (1878); Moody v. Rowell, 34 Mass. (17 Pick.) 490 (1835). See also, LIACOS, HANDBOOKON MASSACHUSETTS EVIDENCE, 5th Ed., p. 66 (1981).
No formal offer of proof is required when evidence is excluded on cross-examination. However, for such exclusion to cause a reversal, enough must appear on the record to show prejudicial error. Commonwealth v. Ahearn, 370 Mass. 283, 286 (1976).
Itis clear that the evidence the plaintiffs sought to elicitfrom Murgiawas relevant, and within the proper scope of cross-examination. The report indicates that Murgia asserted that the foundation level of the plaintiffs1 house was not meant to be occupied for dwelling purposes. In support of this contention, Murgia had testified on direct examination to the definitional differencesbetween the words “cellar” and “basement” in the Masachusetts State Building Code. The report further indicates that Murgia knew of the water seepage into the foundation area and had attempted to correct it. The plaintiffs should have been permitted to explore these issues in support of the theories of liability which they were presenting.
2. Similarly, the trial justice should have permitted the plaintiffs to elicit on direct examination of the plaintiffs1 daughter testimony as to water damage to improvements she made in the basement level, especially as to those improvements which were affixed to, and became part of, the realty. Gifford v. Mercantile Wharf, 355 Mass. 792 (1969). Our conclusion is not altered by the absence in the report of any reference to an offer of proof made by the plaintiffs at the time of the exclusion of this evidence. Ordinarily, upon the exclusion of evidence, an offer of proof is made stating what the witness would have answered to the excluded question. Dist./ Mun. Cts. R. Civ. R, Rule 46(c). Such offer serves to demonstrate whether the proponent of the evidence has been prejudiced by its exclusion, Holmgren v. Lalaberte, 4 Mass. App. Ct. 820, 821 (1976), and enables an appellate court to determine if the evidentiary ruling constituted error. Ford v. Worcester, 339 Mass 657, 658-659 (1959). Although a detailed offer of proof is always the “better practice”, Ratner v. Canadian Universal Ins. Co., 359 Mass. 375, 385 (1971), such offer may not be required if the factual context of the question is unambiguous. First National Bank of Mount Dora v. Shawmut Bank of Boston, 378 Mass. 137, 141 (1979). In the instant case, the relevantfacts which the plaintiffs soughtto introduce into evidence are set forth in the report. The plaintiffs1 daughter, as tenant, had made improvements to the basement/cellar area by constructing a live-in apartment including walls, a ceiling etc. Such improvements became part of the plaintiffs' real estate.
Improvements include everything that permanently enhance the value of the premises for general use. Raffel v. Perley, 14 Mass. App. Ct. 242, 245 (1982); Kentucky Farm and Cattle Co. v. Williams, 140 F.Supp. 449 (1956). The general rule is that improvements belong to the owner, unless there is an express agreement to the contrary and the improvements are readily removable without causing waste. Searl v. School District, 133 U.S. 553 (1890).
Beneficial improvements, such as walls and ceilings, enhance the inherentworth of the property. Their value is determined by the amount they augment the value of the property. Conlon v. Sullivan, 110 Col. 624 (1895). This added value accrues to the benefit of the property owner, even if the improvements were constructed by another.
As the value of any basement/cellar improvements by their daughter accrued to the plaintiffs,they should have been allowed to present evidence of water damage to such improvements in support of their claim.
3. Accordingly, the trial court's judgment for the defendant is hereby vacated. The case is remanded to the Lawrence Division for a new trial on all issues. So ordered.

 Neither the complaint, the answer nor the parties written contract were included in the report. See Dist./ Mun. Cts. R. Civ. P„ Rule 64(c) (2).

 The plaintiffs thereafter properly preserved both evidentiary questions for appellate review in accordance with the requirements of Dist/Mun. Cts. R. Civ. P., Rule 64 (a).

 “1. That the plaintiff was entitled to receive a home which was free from the seepage of water into the basement area under the implied warranty provided by law for the construction of new homes.
DENIED.
“2.That the defenant is responsible for acts, errors or omissions of all persons or entities hired, retained or commissioned by it for the petformance of any work on the home purchased by the plaintiff.
DENIED AS CONTRARY TO THE FACTS FOUND BY THE COURT, THE HOUSE BEING A MODULAR HOME, SO-CALLED, PURCHASED BY PLAINTIFFS DIRECTLY FROM THE MODULAR HOME MANUFACTURERAND NOTTHE DEFENDANT.
“3. That the responsibility of the defendant under the implied warranty is not satisfied by the defendant's unsuccessful attempts to remedy the defects no matter how many attempts were made.
DENIED.”

 "Proposed Mass. R. Evid. 611 (b) makes no change in Massachusetts practice. “Scope of cross-examination. A witness maybe cross-examined in any manner relevant to any issue in the case, including credibility. In the interests of justice, the judge may limit cross-examination with respect to matters not testified to in direct examination.”