F. H. ROGERS & others *vs.* GEORGE O. LADD & others.

Suffolk.    March 24, 1875.    AMES & DEVENS, JJ., absent.

The affidavit of no defence authorized by the St. of 1874, c. 248, § 3, in an action to recover a debt, may be made by one of several plaintiffs ; and the notice of the order to show cause why judgment should not be given for the plaintiff may be given to the attorney of record of the defendant.

It is within the discretion of the Superior Court to refuse to take off a default in an action pending in that court, and to the exercise of such discretion no exception lies.

CONTRACT on a promissory note.    Writ returnable to January term 1875, of the Superior Court for this county.

On February 5, 1875, F. H. Rogers, one of the plaintiffs, made and filed the following affidavit under the St. of 1874, c. 248, § 3 : *  "And now comes F. H. Rogers, one of the plaintiffs in the above entitled action, and says, that said action is brought upon a note signed by the defendants, Ladd and Warren, by the firm name of George O. Ladd & Co., and was indorsed for value due the plaintiff by the other defendant.    And he further says, that on the delivery of said note, the said Ladd and Warren received a full and sufficient consideration, in lumber delivered to them.    And he further says, that the said note is justly due, and that he believes the defendants have no defence whatever thereto,

---

* "In all actions where the plaintiff seeks merely to recover a debt or a liquidated demand in money, payable by the defendant, with or without interest, if the defendant appears, the plaintiff may, on affidavit filed at any time within twenty days after the defendant's answer, verifying the cause of action and swearing that in his belief there is no defence, enter an order calling on the defendant to show cause why judgment should not be given for the plaintiff; and he shall immediately give to the defendant notice, in writing, of such order, and unless the defendant, within seven days after such notice, or such further time as the court may for good cause allow, shall consent to a default and judgment for the sum demanded, or shall disclose by affidavit or in such other manner as the court may order, such facts as shall constitute a defence, or such other facts as the court may think sufficient to entitle him to defend, the court shall enter and advance such actions for speedy trial.    The court shall require the defendant to disclose specifically and clearly the substantive facts on which he relies, and shall not allow general or vague allegations or denials.    Affidavits in behalf of a corporation may be sworn by some officer thereof."

but appear in court therein merely to obtain delay. And he further says, that the said Ladd has repeatedly promised to pay the said note to the plaintiff, and has offered to pay it in instalments, and has promised to pay it since the commencement of this action, as soon as he could, and that at the giving of the bond to dissolve the attachment in this action, that said Ladd said that the money was in the bank in readiness to pay the said note when it became due, and it would have been paid if the said Warren, in the said Ladd's absence, had not mislaid and misapplied the said money. And the plaintiffs pray that the said action may be advanced for speedy trial."

The following order was thereupon passed : " Superior Court, Suffolk, ss. January term 1875, viz., February 5, 1875. F. H. Rogers *vs.* George O. Ladd *et al.* And now in the above action the plaintiff, on the fifth day of February, 1875, having filed an affidavit verifying the cause of action, and swearing in his belief there is no defence, it is ordered that the defendant forthwith appear at said court and show cause why judgment should not be given for the plaintiff. By the Court, Joseph A. Willard, Clerk."

On February 10, 1875, the following affidavit of the plaintiffs' attorney was filed : " I, James D. Thomson, the plaintiff's attorney in the above entitled action, on oath, depose and say that I served the within by giving to Sanford H. Dudley, Esq., the defendant's attorney, in hand, a true copy of the within order on Saturday, February 6, at eleven o'clock in the forenoon."

Thereupon the action was advanced for a speedy trial, and defendants, though called, did not appear, but made default.

On February 19, 1875, the defendants moved that the default be taken off, and assigned the following reasons therefor : " 1. That no service of notice upon the defendants has ever been made, according to the requirements of the St. of 1874, *c.* 248, as appears of record. 2. That said default was entered without notice to the defendants real or constructive, and they have not had an opportunity for trial." On February 24, the plaintiffs moved for judgment.

The court overruled the motion to take off the default, and ordered judgment for the plaintiffs for a stated sum ; and the defendants appealed to this court.

*S. H. Dudley*, for the defendants, was first called upon.  1. The service of notice on the attorney for the defendants was not such a service as is required by the St. of 1874, *c.* 248, § 3.  There is no rule of the Superior Court touching the manner in which notice of the order of court, under this statute, shall be made.  It was not a notice of a mere interlocutory order which the court might direct to be served in any manner proper for the occasion ; for the statute provides the manner of service.  The statute is an innovation upon the rules of law and practice heretofore long existing, and, upon familiar principles, is to be interpreted strictly. 1 Kent Com. (12th ed.) 464.  Sedg. St. & Const. Law, 313.  As a statute authorizing summary judicial proceedings, it should be strictly construed.  Sedg. St. & Const. Law, 347, 349, and cases cited.  As to constructive service, see *Stewart* v. *Stringer*, 41 Misso. 400.

When a statute provides for summary proceedings for the recovery of land and directs trial by jury, trial by jury cannot be waived.  *Benjamin* v. *Benjamin*, 1 Seld. 383.

As to special and limited jurisdiction created by statute, see 1 Smith's L. C. (7th Am. ed.) p. 1083, 1100, 1101, 1116, and cases cited.  *Ladd* v. *Kimball*, 12 Gray, 139.  *Ashuelot Bank* v. *Pear-son*, 14 Gray, 521.  *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. Service upon the attorney for the defendants of the order to show cause was insufficient, because it was not a compliance with the intention of the Legislature, for its terms are that the plaintiff " shall immediately give to the defendant notice in writing of such order."  The statute does not provide for an alternative service upon an agent or attorney in cases specially mentioned. *Rathbun* v. *Acker*, 18 Barb. 393.  *Johnson* v. *Hudson River Railroad*, 49 N. Y. 455.  It would not be contended that any construction of the statute would allow the plaintiff to file his affidavit after the twenty days had expired.  Why should the statute be less strict as to the person on whom notice of the order is to be served than as to the time within which the affidavit is to be filed ?  The word " defendant " is quite as precise in its signification as " twenty days " or " seven days."  Sedg. St. & Const. Law, 322, and cases cited.  In the service of other process, as in the case of original writs, the statutes provide for contingencies, but this statute provides for none.  Gen. Sts. *c.* 123, § 25.

2. The affidavit is insufficient because it is sworn to by only one of the plaintiffs. If by " plaintiff " the Legislature meant " plaintiffs," when there are more than one, then the affidavit did not comply with it, and consequently all proceedings thereon are vitiated. *Smith* v. *Rines*, 2 Sumn. 338, 345. Gen. Sts. *c.* 3, § 7. *Hannum* v. *Day*, 105 Mass. 33, 35. *Sewing Machine Co. Case*, 18 Wall. 553, 577, 587.

*J. D. Thomson*, for the plaintiffs, was not called upon.

GRAY, C. J. The statute does not prescribe by whom the affidavit shall be made, and certainly does not require the affidavit of more than one of the plaintiffs. The notice of any order in a cause may be given to the attorney of record. The motion to take off the default was addressed to the discretion of the court below.      *Judgment affirmed.*