## FRED P. SQUIER *vs.* VINCENT E. BARNES.

Hampden.     September 25, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Exceptions, Default, Set-off, Judicial notice.  *Set-off. Supreme Judicial Court. Witness,* Cross-examination.

This court has no jurisdiction to allow an amendment to a bill of exceptions.

If when a bill of exceptions is before this court one of the parties desires to amend it, his proper course is to ask this court to strike the case from the docket and remit it to the court in which the exceptions were allowed, to enable him to move for the allowance of the amendment there.

If the defendant in an action of contract has filed a declaration in set-off and has been defaulted, he cannot at a hearing for the assessment of the plaintiff's damages introduce evidence in support of his declaration in set-off, having lost by his default the right to prosecute it.

The denial of a motion to take off a default is within the discretion of the presiding judge and is not the subject of exception.

It is within the discretion of a presiding judge reasonably to limit the cross-examination of a witness.

Where in an action of contract for compensation for professional services the defendant has cross-examined the plaintiff from about noon until four o'clock, asking many questions which were excluded, it is reasonable for the presiding judge to notify the defendant that he must close his cross-examination by half past four o'clock, there being nothing to show that there is any evidence which the defendant reasonably can expect to elicit by a further cross-examination of the witness.

An exception to the exclusion of papers offered in evidence cannot be sustained unless the bill of exceptions shows that the papers excluded contained material evidence.

The courts take judicial notice of the statutes contained in the Revised Laws and a refusal to admit such statutes in evidence is not a ground of exception.

CONTRACT on an account annexed by an attorney at law for compensation for professional services and for money expended by him for the defendant.   Writ dated May 9, 1904.

The defendant filed an answer, and also a declaration in set-off.  In the Superior Court in June, 1905, the defendant was defaulted, and in October, 1905, the case came on for the assessment of damages before *Hitchcock*, J.   Upon the motion of the defendant damages were assessed by a jury.   The jury assessed damages in the sum of $146.70.   It did not appear that any

order was made as to the disposition of the declaration in set-off.

The defendant filed a bill of exceptions within the time allowed by law, and later filed an amended bill containing new matter. The amended bill was not filed within twenty days of the trial, and the new matter was disallowed by the judge on the ground that it was filed too late.

Later the defendant filed a petition to prove the truth of the portion of the exceptions disallowed by the judge, and filed in this court a motion to amend.his bill of exceptions.

The portions of the bill of exceptions stated in the proposed amendment which relate to the matters referred to in the opinion are as follows:

" 2. This was a hearing on the assessment of damages in an action of contract before *Hitchcock,* J. and a jury. The plaintiff is an attorney at law and brought this action to recover for his services and expenses as the defendant's attorney in an action of the defendant, Vincent E. Barnes, against Jennie A. Norton, administratrix of the estate of Hiram R. Norton, deceased, which action was brought in the District Court of Western Hampden. After an appeal had been taken by the defendant to, and the case was still pending in, the Superior Court, the plaintiff Fred P. Squier disappeared from the case after he had sent written notice to the defendant Barnes that he would do so. This action also was brought to recover for services on a petition filed in the Supreme Judicial Court for a writ of certiorari."

" 6. . . . The defendant called the plaintiff Fred P. Squier to the stand and offered evidence to prove the defendant's declaration in set-off. This was excluded by the judge and the defendant excepted. [The defendant's motion to amend asked to insert a statement of the evidence offered.]

" 7. The defendant in his answer in this action alleges fraud and deceit on the part of the plaintiff, Squier. One of the items charged in the plaintiff's account annexed was for drawing a petition for a writ of certiorari asking for a trial before some judge other than Judge Willis Kellogg, judge of the District Court of Western Hampden, in which court the case of Vincent E. Barnes *vs.* Jennie A. Norton, adm'x, was pending, and in which case the plaintiff Squier was attorney for the defendant

Barnes. The defendant introduced testimony to prove that the plaintiff Squier first drew up a petition which was signed and sworn to by the defendant Barnes. The defendant Barnes testified and was not contradicted, that when he read this petition immediately after signing and taking oath to it, he found it petitioned, not for a trial before a different judge, but for a speedy trial before Judge Kellogg. At the defendant's request this part of the petition was removed before filing and another substituted. The defendant offered in evidence the part removed to prove that the plaintiff Squier acted in bad faith as the attorney of the defendant Barnes. This was excluded by the judge and the defendant excepted.

" 8. The plaintiff Squier began to testify as the defendant's witness about 12 noon October 24, and was cross-examined by the defendant personally, and was asked many questions which were excluded by the judge. About 4 P. M. the judge stated to the defendant that the cross-examination of the plaintiff by the defendant must be finished by 4.30 P. M., at which time the court adjourned for the day. At the opening of the trial on the morning of October 25, the defendant asked to have the plaintiff take the stand for further examination by the defendant. This the judge refused to allow and the defendant excepted.

" 9. The plaintiff in his account annexed charged for the drawing of the papers for the plaintiff in the case of Barnes *v.* Norton, adm'x. Testimony was introduced to show that the plaintiff Squier drew all the plaintiff's papers in the case of Barnes *v.* Norton, adm'x, except the account annexed, while said case was pending in the District Court of Western Hampden. The defendant Barnes offered the papers in the case of Barnes *v.* Norton, adm'x, to prove that these pleadings showed on their face that the statutes should have been set up, in behalf of the plaintiff Barnes by his attorney, the plaintiff Squier, as a defence to the set-off of the defendant Norton, adm'x, and that the statutes were not pleaded. These papers were excluded and the defendant excepted. [The defendant's motion to amend asked to annex copies of these papers.]

" The defendant offered the laws as provided in the Revised Laws to prove such defence should have been set up and that the plaintiff Squier had acted deceitfully and negligently and to the

injury of his client the defendant Barnes. The judge excluded them and the defendant excepted." [The defendant's motion to amend asked to insert copies of R. L. c. 173, § 6, cl. 10, § 27.]

*V. E. Barnes, pro se.*

*R. J. Talbot,* for the plaintiff.

KNOWLTON, C. J. This is a petition to prove exceptions. The petitioner first filed a bill of exceptions, within the time prescribed by the statute. He then filed an amended bill as a substitute for the first, and the presiding judge allowed this bill, with three changes, first, an interlineation, by way of amendment, which stated clearly and correctly the facts referred to in the clause in which the interlineation was made, and secondly, a cancellation of two paragraphs, on the ground that the exceptions stated in them were not contained in the original bill, and were not filed in the clerk's office within the time prescribed by the statute. See R. L. c. 173, § 106 ; *Dorr* v. *Schenck,* 187 Mass, 542 ; *O'Connell, petitioner,* 174 Mass. 253 ; *Currier* v. *Williams,* 189 Mass. 214. The petition is to prove that part of the substituted bill which was thus disallowed by the judge. R. L. c. 173, § 110. The commissioner has found that the exceptions disallowed were not seasonably filed, and that the bill allowed by the judge is correct. The parties have, therefore, argued the questions presented by this bill.

Shortly before the argument in this court, the petitioner filed a motion to amend his bill of exceptions. It is familiar law that this court has no power to allow an amendment of a bill of exceptions, and that, if there is any good reason for making such an amendment, the proper course of proceeding is to strike the case from the docket, and remit it to the court in which the exceptions were allowed, to enable the party to obtain an allowance of the amendment there. The motion on file does not suggest such action; but if it be taken as including a request for this action, there are good reasons why the motion should not be allowed at this time. In the first place, that part of the motion which relates to the declaration in set-off is immaterial, as the defendant was not entitled to introduce evidence in support of his declaration in set-off upon a hearing for an assessment of damages after a default. The declaration in set-off was in the nature of an independent claim, filed instead of bringing a

separate suit. On the defendant's default he lost his right to prosecute it.

The papers referred to do not show on their face that the plaintiff Squier failed to perform his duty properly; and it is never necessary to put in evidence the general laws of the Commonwealth. Besides, after protracted and expensive proceedings upon the petitioner's application to prove his bill of exceptions, this motion comes too late.

The record before us shows that the petitioner was defaulted in the original case, and on his motion the default was taken off. Afterwards he was again defaulted, and his subsequent motion to take off that default was denied. This denial was within the discretion of the presiding judge, and is not a subject for an exception. *Rogers* v. *Ladd*, 117 Mass. 334. *Commonwealth* v. *Quirk*, 155 Mass. 296.

The petitioner was not injured by the refusal of the judge to admit a copy of the paper removed from the original petition for a writ of certiorari. This was offered to prove that the attorney, Squier, was acting in bad faith. It was originally intended to be read and signed by the petitioner; it was so read and signed, and it had no tendency to show that the attorney was acting in bad faith.

It was within the discretion of the presiding judge reasonably to limit the cross-examination of the plaintiff by the petitioner. *Rand* v. *Newton*, 6 Allen, 38. *Commonwealth* v. *Nickerson*, 5 Allen, 518. *Demerritt* v. *Randall*, 116 Mass. 331. The petitioner cross-examined this witness from about noon until half past four o'clock, asking many questions which were excluded by the judge. About four o'clock he was told by the judge that he must close the cross-examination by half past four. There is nothing to show that this order was unreasonable, or that there was any evidence which the petitioner could reasonably expect to elicit by a further cross-examination of the witness.

It does not appear that the petitioner was injured by the refusal of the judge to admit the papers in the case of Barnes against Norton, administratrix, to prove that the pleadings showed on their face that certain statutes should have been set up in behalf of the petitioner by his attorney in that action. It cannot be assumed that the papers on their face would have

shown any such thing, and they are not made a part of the bill of exceptions.

As we have already intimated, the exception to the refusal to admit a portion of the Revised Laws in evidence is not well taken. The court takes judicial notice of the laws without their introduction in evidence. The entry must be

*Exceptions overruled.*