FRANK HURNANEN, administrator, *vs.* GARDNER AUTOMOBILE
COMPANY.

Worcester.    October 2, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Removal of default.    *Words,* "Good cause."

By the provisions of R. L. c. 173, § 54, that courts "may, for good cause shown, extend the time for entering an appearance, and may, in their discretion and upon terms, take off a default at any time before judgment," power is conferred upon the courts to remove a default whenever in the exercise of judicial discretion a default ought to be removed.

Where in an action of tort after the defendant has been defaulted and the plaintiff's damages have been assessed by a jury but before judgment has been entered, the defendant moves that the default be removed and that he be allowed to file an appearance and answer and to be heard upon the merits, and it appears that his failure to appear and answer was due to a misunderstanding of the significance of the filing by him of an attachment bond and to a mistake in the office of his attorneys due to the summons not having been placed in their hands by him, and affidavits filed by him disclose an adequate defence to the action, "good cause" in the terms of the statute is shown, warranting the court, in the exercise of judicial discretion, in removing the default, setting aside the verdict, permitting the filing of an appearance and answer, and ordering a trial of the action upon its merits.

In such a case, the power of the court to make the orders setting aside the verdict, permitting the filing of an appearance and answer, and ordering the trial upon the merits, is incident to the power given by the statute to remove the default.

Such a motion to remove a default and to set aside a verdict assessing damages is in no proper sense a motion for a new trial.

TORT for conscious suffering and death of the plaintiff's intestate, alleged to have been caused by negligence of the defendant's servants or agents.    Writ dated December 10, 1915.

In the Superior Court, for lack of an appearance and answer, the defendant was defaulted and the plaintiff's damages were assessed by a jury in the sum of $4,000.    Before entry of judgment, upon a motion of the defendant supported by affidavits described in the opinion, it was ordered by *King,* J., that the default be removed and the assessment of damages set aside upon the defendant paying within ten days the plaintiff's witness fees and $15 as

costs, and the defendant was given leave to file an appearance and answer within five days thereafter, whereupon the case should be placed upon the trial list for the sitting of the court then current.

Being of the opinion that under the circumstances the propriety of the order should be determined by this court before further proceedings in the case, the judge reported the case to this court, upon the agreement that if the order was unwarranted it was to be set aside and judgment was to be entered on the verdict, and that otherwise the order was to be affirmed and the case was to be remanded to the Superior Court for further proceedings.

The case was submitted on briefs.

*J. G. Annala,* for the plaintiff.

*J. P. Carney & H. W. Blake,* for the defendant.

RUGG, C. J. The only question presented by this report is whether the Superior Court judge had power to remove a default and permit the case to be tried on its merits. The action is in tort for injuries alleged to have been sustained through the negligence of the defendant in operating an automobile. Service of the writ was made duly on the defendant. The defendant did not appear in response to the summons and later was defaulted. A jury was impanelled and by it the damages sustained by the plaintiff were assessed. Thereafter and before judgment, a motion was filed in behalf of the defendant, alleging that the default had been entered against it through mistake and misunderstanding in failing to file an appearance, and that there was a complete defence to the plaintiff's cause of action. This motion was supported by affidavits tending to show that the defendant's property had been attached on the writ, which had been dissolved by the giving of a bond under the advice of the defendant's attorneys; that the defendant's president supposed the information given to the defendant's attorneys in connection with the execution of such bond was enough to insure a defence being made, and he failed to place the summons in their hands and did not remember that he had been asked for it; that the member of the firm of attorneys consulted by the defendant in respect to the bond asked that the summons be sent to his office for attention according to the custom of his office by the clerk having in charge the matter of appearances, and he supposed that this had been done (although in fact it had not been done) and thought that appearance had been made and answer

filed until the day after the assessment of the plaintiff's damages by the jury, and that appearances were entered by his firm in other cases returnable at the same time as the plaintiff's action. There were other affidavits tending to show that the defendant has a substantial defence to the plaintiff's cause of action. The plaintiff filed no counter affidavits. After a hearing, the judge allowed the motion of the defendant to take off the default, set aside the assessment of damages, and granted leave upon terms to the defendant to enter an appearance and to plead to the merits.

It is provided by R. L. c. 173, § 54, that courts "may, for good cause shown, extend the time for entering an appearance, and may, in their discretion and upon terms, take off a default at any time before judgment." These words are plain and explicit. They confer upon courts in broad terms complete power to remove a default whenever in the exercise of judicial discretion a default ought to be removed.

The affidavits set forth facts sufficient to show that the failure of the defendant to appear was due to accident and mistake. Since according to the other affidavits the defendant had a defence to the plaintiff's cause of action, manifest justice requires that the case should be tried on its merits and that the plaintiff should not recover a judgment against the defendant based wholly upon a default and a one-sided trial in the absence of the defendant.

Whether a default shall be removed or not rests, according to the express words of the statute, upon sound judicial discretion. In ordinary cases there can be no review of the action of a court founded upon the exercise of discretion. *Edwards* v. *Willey,* 218 Mass. 363, 365, and cases cited. *Massachusetts Bonding & Ins. Co.* v. *Peloquin, ante,* 30. The removal of the default in the case at bar appears upon the face of the record to have been necessary in order to prevent the entry of judgment against one who had had no opportunity to be heard. The facts set forth in the affidavits showed a sufficiently "good cause" to warrant the court in extending to fifteen days after the entry of the order the time within which an appearance might be entered by the defendant.

The power to remove a default at any time before judgment involves of necessity the power to set aside all proceedings subsequent to the default, including an assessment of damages by a

jury. The court was fully warranted in setting aside the assessment of damages.

The motion to remove the default and set aside the assessment of damages was in no proper sense a motion for a new trial. There had been no contested trial. The proceedings as to motions for a new trial and the setting aside of a verdict, as those terms are used in statutes and rules of court, have no relation to a motion like the present, which is simply to remove a default with such incidental relief as is essential in order to give effect to the main remedy.

In accordance with the terms of the report, the order removing default and setting aside the assessment of damages is affirmed and the case is remanded to the Superior Court for further proceedings according to law.

*So ordered.*