*Southern District*

No. 10433

## A. P. BERSOHN et al, d-b-a
### v.
## TOBE DEUTSCHMANN CORP.

*Welch, J.* This is an action of contract in which the plaintiff claims that the defendant owes him $1,019.15 with interest from October 31, 1949 for *accounting services* rendered the defendant, tried before Grover, S. J.

The answer is a general denial and payment.

The case was entered on December 15, 1951. Interrogatories were answered by both parties. Plaintiff's counsel wrote the defendant on February 27, 1953, for trial in March 1953, and requested to be notified if that date was agreeable because the plaintiff had to come from New York. He received no answer and marked the case for trial on April 23, 1953. There was no further communication between counsel for the parties until April 17, 1953 when counsel for the plaintiff telephoned counsel for the defendant and inquired if he would be ready for trial on April 23, 1953, in accordance with the letter marking the case for trial. Counsel for the defendant stated that he had misplaced the letter and said he would be ready for trial on April 30, 1953 and it was agreed that trial should be held on that date. By a later telephone conversation it was agreed the case would be tried on April 30th. Plaintiff's counsel de-

manded that certain documents be produced by the defendant at the trial.

The plaintiff arrived from New York on April 29th and while in his counsel's office defendant's counsel telephoned and said he would need a continuance because the treasurer of the defendant corporation had to go to Washington to attend a hearing in relation to a government contract that he had received notice of it on April 29th. The plaintiff refused to agree to a continuance, whereupon defendant's counsel said he would pay travel costs. The plaintiff's attorney would not agree to a continuance on that basis.

In court on April 30, 1953 after the judge said he would default the defendant, his attorney said he would pay whatever costs the court considered reasonable. The defendant was defaulted.

The defendant filed a motion to remove the default. At the hearing on the motion both counsel were present. The judge with the consent of the parties read the interrogatories and answers. He then told defendant's counsel that the interrogatories stated that the bill was paid and asked him why some person other than the treasurer could not have appeared to present evidence of payment. Defendant's counsel stated that the plant had been moved shortly after the plaintiff's services were rendered and consequently it was difficult to locate the records and he had to rely on the treasurer for testimony.

The motion to remove the default was denied on June 4, 1953. No requests for rulings were filed. The draft report was disallowed. Defendant filed a petition to establish a report and a report was established by this Division.

It is the contention of the defendant that in entering the original default and refusing to remove it there was an abuse of judicial discretion.

Whether a default shall be removed or not rests upon sound judicial discretion. In ordinary cases there can be no review of the action of a court

founded upon the exercise of discretion. *Hurnanen v. Gardner Automobile Co.* 225 Mass. 189, 191.

Abuse of discretion has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken, *Long v. George,* 296 Mass. 574 @ 579. It is not a question of whether the reviewing court in its view of the case would have acted in the same way. *Edwards v. Willey,* 218 Mass. 363, 366. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bresnahan v. Proman,* 312 Mass. 97, 101-102.

Having these principles in mind, there was no abuse of judicial discretion. Plaintiff's attorney wrote defendant's counsel seeking information as to whether a date in March would be satisfactory for trial, as the plaintiff had to come from New York. He received no answer, and marked the case for trial on April 23, which date was later changed to April 30. The plaintiff came here from New York on April 29th and on that date the defendant asked for a continuance as the treasurer had to go to Washington on other business. The judge could disbelieve this statement and the statement later made in court that the treasurer had to testify because it was difficult to locate the records because the plant had been moved. There is nothing in the case that shows any abuse of judicial discretion.

*Report Dismissed.*

Robert L. Genesky, for the plaintiff.

Leon J. Kowal, for the defendant.