## Northern District

### No. 5548

**MARIE L. PATIERNO**

v.

**RALPH W. FERGUSON**

October 2, 1962

*Present*: Eno, J. (Presiding), Connolly & Kelliher, JJ.

Case tried to *Brooks, J.* in the First District Court of Middlesex (Malden). No. 3281 of 1960.

Argued: ———  Decided: ———

*Kelliher, J.* The only question presented here is whether the judge had the power to deny a motion to remove a default duly entered and not to permit the case to be tried on the merits.

This is an action of contract brought by the plaintiff and an answer was duly filed by the defendant. The writ was dated August 29, 1960, and returnable September 24, 1960. The first trial date was November 14, 1960. The case was continued to November 18, 1960, and thereafter by agreement was con-

tinued to December 2, 1960, and thereafter continued to December 16, 1960. All continuances were at the request of the defendant.

The plaintiff, together with witnesses prepared for trial, was present on December 16, 1960, ready for trial, and was not notified that the defendant would ask for a further continuance. At the request of the defendant, and over the objection of the plaintiff, the case was continued to January 6, 1961. At the time of the continuance to January 6, 1961, the trial judge stated that there would be no furher continuances and that if defendant's counsel found himself unable to try the case on that date he should get other counsel to appear.

On January 5, 1961, the defendant's counsel notified plaintiff's counsel and the court by telephone, and thereafter by letter, that he was engaged in the Middlesex Superior Court in the trial of a criminal case and was notified by the trial judge in Superior Court that counsel would be protected from having to appear at any other trial.

On January 5, 1961 plaintiff's counsel stated to defendant's counsel that he would object to any further postponement inasmuch as there had been four previous continuances, and on December 16, 1960, defense counsel was told by the Court there would be no further continuances, and that if defendant's counsel could not try the case on January 6, 1961, he would have to get other counsel for his clients.

Defendant was defaulted on January 6, 1961, and on January 12, 1961 his counsel filed a motion to remove the default. On January 27, 1961, after hearing on the motion, it was denied. The defendant, claiming to be aggrieved by the denial, asked that the same be reported to the Appellate Division for determination.

G.L. c. 231, §57, provides in part as follows:

"Courts may, for good cause shown, extend the time for entering an appearance and may, in their discretion, and upon terms, take off a default at any time before judgment."

These words are clear and unambiguous. They give to the trial judge complete authority to remove a default whenever, in the exercise of judicial discretion, a default ought to be removed.

The facts in this case indicate that the defendant had four continuances; the defendant was notified on December 16, 1960 that the case was to be tried on January 6, 1961, and that no continuance was to be granted on that date, that if he was unable to be present he was to get other counsel. The defendant's counsel had ample time to provide for the trial of this case on January 6, 1961, and ample time to make provision for all contingencies that might arise in connection with his trial practice.

Whether or not a default shall be removed rests, according to the language of the statute, upon sound judicial discretion. Generally there can be no review of the action of a

court founded upon the exercise of discretion. *Edwards v. Willey,* 218 Mass. 363, 365 and cases cited; *Mass. Bonding & Ins. Co. v. Peloquin,* 225 Mass. 30; *Hurnanen v. Gardner Automobile Co.* 225 Mass. 189.

Abuse of discretion has been defined as a view or action that no conscientious judge acting intelligently could honestly have taken. *Long v. George,* 296 Mass. 574.

Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bresnahan v. Proman,* 312 Mass. 97.

A Court's authority to make an order in the interest of orderly procedure implies authority to enforce it. Disobedience of an order justifies the court in entering a default. *Nickerson v. Glines,* 220 Mass. 333.

On all the facts and circumstances of this case the Court was fully warranted in not removing the default. There is nothing in the case that shows any abuse of judicial discretion.

Report dismissed.

M. R. Kream & R. D. O'Leary, of Boston, for the Plaintiff.

Alfred P. Farese, of Everett, for the Defendant.