*Municipal Court of the*
*City of Boston*
No. 145918

**MICHAEL J. PIROLLI**

v.

**GEORGE SALVUCCI**

Argued: Oct. 14, 1966 — Decided: Oct. 24, 1966

*Present:* Adlow, C.J., Lewiton, Shamon, J.J.
Case tried to *Riley, J.*

Lewiton, J. This case involves a petition to establish a draft report in which the petitioner sought a review of the denial of his motion for removal of a default which had been entered against him.

The draft report before us sets forth the following facts:

The plaintiff in the original action had sued the present petitioner on a promissory note, and had filed interrogatories to be answered by the latter. The petitioner, having failed to file answers to interrogatories within the time allowed, was defaulted and thereafter filed a motion to remove default.

After a hearing, in the course of which the petitioner presented to the court and the latter examined the answers which the petitioner proposed to file to the plaintiff's interrogatories, the motion to remove default was denied. The petitioner claimed to be aggrieved thereby, and requested that the denial be reported to the Appellate Division.

It does not appear from the draft report that the petitioner had filed any requests for

rulings, and thus the only question which could possibly be raised by the draft report would be whether the court's denial of the motion to remove default represented an abuse of discretion.

It is well established that the allowance or denial of a motion to remove a default rests in the sound discretion of the court, and may not be reversed in the absence of an abuse of such discretion. *Rogers* v. *Ladd,* 117 Mass. 334; cf. *Fairbanks* v. *Beard,* 247 Mass. 8, 9; *Hartley* v. *Phillips,* 317 Mass. 35, 43; *Daddario* v. *Gloucester,* 329 Mass. 297, 301.

From the draft report, it is apparent that the judge's exercise of discretion in denying the motion to remove default was influenced at least in part by the contents of the interrogatories and the petitioner's proposed answers thereto. However, neither the interrogatories nor the answers were set forth in the draft report. Consequently, we are not in a position to determine that the decision of the judge in denying the motion to remove default constituted an abuse of discretion.

**Petition to establish report denied.**

ANTHONY G. PELLEGRINI, of Brighton
*for the Petitioner*