GERSON ASKINAS *vs.* BENJAMIN GOLDMAN. February 7, 1969. This is a petition under G. L. c. 250, § 15, filed on December 26, 1967, to vacate a judgment of the Superior Court for the county of Suffolk entered on March 13, 1967, in favor of the plaintiff (the respondent here) in an action of contract for legal services against the petitioner. The petitioner and his counsel are both from Springfield. The petition alleges that the default was entered for failure of counsel to appear at the call of the conciliation list. The petition was denied and the petitioner excepted. There was no abuse of discretion.

*Exceptions overruled.*

The case was submitted on briefs.
*Efrem A. Gordon* for the petitioner.
*Herbert L. Sostek* for the respondent.

PAUL A. GIFFORD *vs.* MERCANTILE WHARF CORPORATION. February 28, 1969. In this action of contract demurrers were sustained to the declaration and to the amended declaration. The plaintiff appealed from each ruling. The plaintiff, a tenant at will of the defendant's premises, made improvements to permit the installation of an egg processing machine and refrigeration plant which were wrought into the real estate. The Boston Redevelopment Authority took the premises by eminent domain, and paid the defendant a sum in compensation which included the value of the plaintiff's improvements. The loss of such improvements by a tenant at will is not compensable. *Riedel* v. *Plymouth Redevelopment Authy.* 354 Mass. 664, 666. The amended declaration sought damages for unjust enrichment. It alleged that the defendant promised "to protect the plaintiff's investment in the defendant's property in the event of a taking by eminent domain." This statement is too vague to give rise to any cause of action. *Grandchamp* v. *Costello*, 289 Mass. 506, 507. The appeal from the order sustaining the demurrer to the original declaration is dismissed. *National Overall Dry Cleaning Co.* v. *Yavner*, 321 Mass. 434, 436. The order sustaining the demurrer to the amended declaration is affirmed.

*So ordered.*

*Douglas A. Randall* for the plaintiff.
*Francis H. Fox* for the defendant.