Gerson Askinas, Springfield, Mass., for plaintiff.

Benjamin Goldman, Goldman & Goldman, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action captioned "Complaint for Relief from Void Judgment," in which plaintiff, a resident of Massachusetts, seeks injunctive relief against the enforcement of a default judgment obtained against him by defendant, a resident of Massachusetts, in the Superior Court, Suffolk County, Commonwealth of Massachusetts.

**Gerson ASKINAS, Plaintiff,**

v.

**Benjamin GOLDMAN, Defendant.**

**Civ. A. No. 69–357–C.**

United States District Court
D. Massachusetts.

May 9, 1969.

The only jurisdictional allegation contained in the plaintiff's complaint is an averment that the suit

> "arises under the Constitution of the United States in that * * * the judgment is confiscatory of plaintiff's property without due process of law and denies the plaintiff the equal protection of the laws in violation of his rights under the Fourteenth Amendment to the Constitution of the United States and that therefore the judgment is null and void."

The matter came before the Court upon defendant's motion to dismiss the complaint. The motion is based on a variety of grounds, including failure of the complaint to state a claim upon which relief can be granted, failure of the complaint to raise a substantial federal question, lack of jurisdiction because on the face of the complaint the matter in controversy is less than $10,000 and does not arise under federal constitutional law, and failure of plaintiff to exhaust available State remedies. Appended to the motion to dismiss are a copy of Petitioner's Substitute Bill of Exceptions and copies of briefs of petitioner and respondent filed in the Supreme Judicial Court of the Commonwealth of Massachusetts.

The decision of the Supreme Judicial Court, which precipitated the filing of the instant case, is reported as Askinas v. Goldman, Mass., 244 N.E.2d 731. In a brief rescript opinion the Court upheld the validity of a judgment in favor of Goldman against Askinas in an action of contract for legal services, stating:

"The petition alleges that the default was entered for failure of counsel to appear at the call of the conciliation list. The petition was denied and the petitioner excepted. There was no abuse of discretion."

The papers on file indicate that on February 1, 1965 Attorney Goldman brought an action of contract against Attorney Askinas in the Superior Court for Suffolk County. Askinas was represented by Attorney Efrem A. Gordon. On September 19, 1966, Gordon's office received a notice directing him to be present at a conciliation list in Suffolk County Superior Court on September 20, 1966, at 10:00 A.M., in Room 223. Gordon did not appear and Askinas was defaulted by Judge Pecce. A motion to remove default was then filed on behalf of Askinas by Gordon. This motion was denied on December 9, 1966 by Judge Paquet of Suffolk Superior Court, with the notation that "defendant did not answer call of list." On December 27, 1966 the defendant filed another motion, captioned "Defendant's Renewed Motion to Remove Default." This motion was heard before Judge Paquet on January 27, 1967 and was argued by Askinas personally. It was denied by Judge Paquet on February 14, 1967. Judgment was entered for Goldman on March 13 and Execution issued on March 14, 1967 in the amount of $2,841.66 damages, plus $29.60 costs of suit.

On December 26, 1967 a petition to vacate judgment was filed by Askinas and a hearing thereon was held March 12, 1968, at which Askinas testified in support of his petition to vacate and various exhibits were admitted in evidence. The petition was denied on March 15, 1968 by Judge Tisdale of the Superior Court. On March 20 Askinas filed an exception to the ruling of Judge Tisdale which culminated in the rescript opinion of the Supreme Judicial Court cited above.

■ On the basis of the foregoing I rule that plaintiff has failed to state a claim on which relief can be granted and that on the purely conclusory allegations of his complaint he has not only failed to state a cause of action warranting the granting of relief but, contrary to his allegation that he has been denied his day in court, he has described a series of hearings at which he had ample opportunity to gain any relief to which he was entitled. Having had a series of "days" in the Superior Court and the Supreme Judicial Court, at none of which did he ever claim any deprivation of federal right, he is not now entitled to start the litigation all over again in this court on federal grounds merely because he is dissatisfied with the results he obtained in the courts of the Commonwealth on non-federal grounds. The Fourteenth Amendment is not a mere device to be used whenever a disappointed litigant seeks to frustrate the operation of the principle of res judicata.

■ The complaint is dismissed for failure to raise a substantial federal question on which relief can be granted and for lack of a showing of any other basis on which this court has jurisdiction to entertain this attempt to re-litigate a matter which has been adequately considered in the series of hearings in the courts of the Commonwealth.

The motion to dismiss is allowed. Judgment accordingly.