*Northern District*

No. 8128

**PATRICIA MAGUIRE**

**v.**

**QUALITY FOREIGN CARS, INC.**

Argued: Jan. 17, 1974 - Decided: Mar. 8, 1974

*Present*: Cowdrey, P.J., Flynn, J. and Flaschner, C.J.

Case tried to *Doyle, J.* in the Second District Court of Eastern Middlesex, No. S.C. 2545.

**Flaschner, J.** Small Claims action, removed to the Superior Court pursuant to G.L. c. 218, §23 and remanded to the District Court pursuant to G.L. c. 231, § 102C. This pre-dates the amendment of § 23 eliminating the defendant's right of removal and establishing a right of appeal, St. 1973, c. 748.

The plaintiff sought to recover damages for an alleged overcharge on repairs made to her automobile. The plaintiff was not represented by counsel. The defendant was represented by counsel, who notified the clerk's office of a conflicting engagement in the Superior Court on the morning of the trial and requested that the case be held until 11:15 A.M. of that day. This request was communicated to the court when the case was called, and in the absence of both the defendant and its attorney the court defaulted the defendant and assessed damages in the sum of $52.95. Notwithstanding defendant's counsel appearing at 11:15 and orally

requesting the court to remove the default, the court refused to do so.

The defendant seasonably brought a motion to remove the default, accompanied by an affidavit which set forth facts in support of an alleged meritorious defense. At the hearing on the motion the defendant filed eleven requests for rulings. The court denied the motion and allowed all of the requests except Nos. 8, 9 and 11 which were denied. Requests Nos. 8 and 9 state respectively that the court's action in defaulting the defendant at the call of the list and refusing to remove the default on the same day constitute an abuse of discretion. Request No. 11 states that defendant's failure to appear at 10:00 A.M. when the action was called for trial was not without just cause.

The court's findings and rulings filed with its action on the defendant's requests for rulings are as follows:

"This is a small claims action brought by a plaintiff, pro se, to recover for overcharges on motor vehicle repair work on August 1, 1972. The defendant appeared through an attorney and removed the case to the Superior Court, G.L. c. 218, § 23. It does not appear that an answer was ever filed in this court or the Superior Court, denying liability. On April 30, 1973, the Superior Court remanded the action to this Court; this Court assigned the matter for hearing on June 8, 1973. On

June 8, 1973, the defendant was defaulted at the call of the trial list, and the court assessed damages on the plaintiff's testimony in the sum of $52.95. The defendant's attorney arrived later in the day and stated to the court that he had been engaged in another Court, and had asked the Clerk's office to hold the case for his arrival. This the court refused to do. The defendant's attorney asked the court to remove the default and set the case down for trial for another day, but the court also refused to do this. Thereafter, the defendant filed a request for retransfer to the Superior Court which the clerk refused to act upon on the grounds that there is a right of retransfer only after a finding, not after a default. The defendant filed and marked a motion to remove default; at the hearing thereon, with both parties present, the court indicated that the motion would be denied; the defendant filed requests for rulings.

I find that the actions of this defendant and its attorney are designed to make it impossible or prohibitively expensive for customers of this defendant who have grievances over services received to ever have a final judicial determination of their claims. In 1972 and the first half of 1973, there have been four such actions entered in the small-

claim side of this court. All of them were removed to the Superior Court by the defendant, represented by this same attorney. Three have been remanded — one was disposed of by agreement for neither party, one retransferred to the Superior Court after a finding for the plaintiff in the sum of $204.00, and one is this action which the defendant seeks to delay. I find that the sole reason for the actions of this defendant and its attorney is to delay and harass the plaintiffs in actions against the defendant to the point that the plaintiffs give up in disgust and refuse to spend day after day in Court on small cases. While such conduct is legal on its face, it raises serious questions of legal ethics, and derogates from the intent of the small claims statute, whose intent is to provide a speedy, inexpensive determination of claims not involving large sums of money.

Turning to the specific motion before the court in this action, the defendant chose to remove the case to the Superior Court, knowing that it would be remanded here some time later. The defendant's attorney is familiar with the practice of District Court in assigning remanded cases for trial. The defendant was notified well in advance of the hearing date to be here ready for trial; neither the defendant nor the attorney were present when

the case was reached. On the other hand, the plaintiff did everything that was required of her. The court has ample grounds for denying the motion to remove the default. In fact, if the Court were to allow the motion in a case involving only $52.95 under these circumstances, that would be an abuse of the Court's discretion.''

Whether or not a default shall be removed rests, according to the language of the statute, upon sound judicial discretion. G.L. c. 231, § 57. *Patierno* v. *Ferguson,* 25 Mass. App. Dec. 49, 51. *Rogers* v. *Ladd,* 117 Mass. 334, 337. *Squier* v. *Barnes,* 193 Mass. 21, 25. *Askinas* v. *Goldman,* 355 Mass. 792. The action of the court in denying a motion to remove a default may not be reversed in the absence of an abuse of such discretion. *Pirolli* v. *Salvucci,* 30 Mass. App. Dec. 191, 193.

An abuse of discretion consists of judicial action that no conscientious judge, acting intelligently, could honestly have taken. The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bartley* v. *Phillips,* 317 Mass. 35, 43-44.

Judicial discretion is a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not defeat the ends of substantial justice. Judicial discretion means a sound discretion exercised

not arbitrarily or wilfully but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result. 27 *Corpus Juris Secundum* 294.

Measured by these standards we affirm the action of the trial judge in this case. The circumstances of the unrepresented plaintiff in a Small Claims case are unique and reasonably may warrant the sanction applied in this case with respect to the failure of the defendant and its counsel to appear at the call of the trial no less than in circumstances where the plaintiff in a regular action has come from a considerable distance for the trial only to be confronted by the non-appearance of the defendant, as in *Askinas* v. *Goldman,* supra, and *Bersohn* v. *Tobe Deutschmann,* 7 Mass. App. Dec. 51. **Report dismissed.**

PRO SE
    for Plaintiff
LAWRENCE A. MILLS, ESQ.
    for Defendant