THE JERRY MARTIN CO., INC. *vs.* HYANNIS MARINA, INC. & another. April 30, 1975. Under the procedure before July 1, 1974, the removal of a default rested in the sound discretion of the trial judge. G. L. c. 231, § 57, as then in effect. *Rogers* v. *Ladd,* 117 Mass. 334 (1875). *Squier* v. *Barnes,* 193 Mass. 21, 25 (1906). *Hurnanen* v. *Gardner Automobile Co.* 225 Mass. 189, 191 (1916). *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 500 (1931). The same is true under Mass. R.Civ.P. 55 (c), 365 Mass. 823 (1974). There is nothing in the record before us which demonstrates any abuse of that discretion in the denial of the defendants' motion to remove the default. *St. Martin* v. *Spinner,* 347 Mass. 774 (1964). *Askinas* v. *Goldman,* 355 Mass. 792 (1969). There was no error in the allowance of the plaintiff's motion for judgment. Mass.R.Civ.P. 55 (b), 365 Mass. 822 (1974).

*Judgment affirmed.*

The case was submitted on briefs.

*Carmen L. Durso & Joan C. Schmidt* for the defendants.

*Stephen C. Jones* for the plaintiff.

JOHN X. FOLEY *vs.* WALTER B. MCGONIGLE, trustee. April 30, 1975. The defendant, as the party asserting an easement over the lane in question, had the burden of proving the nature and extent of any such easement. *Swensen* v. *Marino,* 306 Mass. 582, 583 (1940). *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, 299 (1940). *Goldstein* v. *Beal,* 317 Mass. 750, 757 (1945). The fact that the plaintiff initiated this proceeding for declaratory relief does not shift that burden to him. *Stop & Shop, Inc.* v. *Ganem,* 347 Mass. 697, 703-704 (1964). That other persons, not before the court, may also have rights of passage over or own portions of the lane does not prevent the adjudication as between the plaintiff and the defendant of the latter's rights (if any) in such portion of the lane as may be owned by the plaintiff. The judgment is reversed, and the case is remanded for further proceedings not inconsistent with the foregoing.

*So ordered.*

*Robert V. Cauchon,* for the plaintiff, submitted a brief.