CARDARELLI CONSTRUCTION CO., INC. *vs.* GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT & another. June 25, 1976. In deciding the plaintiff's

appeal from the judgment upholding the validity of the general bid submitted by the defendant Salem Engineering & Construction Corp. (Salem) and of the contract which Salem entered into with the defendant school district on the basis of that bid, we need not reach the question whether the trial judge properly construed G. L. c. 149, § 44H (as amended through St. 1965, c. 836, §§ 4-6), as we are of the opinion that the judgment was correct for a narrower reason. Whatever might have been the effect on Salem of the district's decision to reject one of the heating and ventilating subbids on April 24, 1974, after the expiration of the two-day period specified in the first sentence of the first paragraph of § 44H, or of its attempt to delete that subbid from the list previously issued pursuant to the second sentence of that paragraph by the "addendum" dated April 25, the second sentence, read with the third and fourth sentences, makes clear that Salem would not have been bound by the rejection or deletion in any event unless the addendum had been mailed "[n]ot later than the second day, Saturdays, Sundays and legal holidays excluded, before the day fixed ... for the opening of general bids." The plaintiff appears to concede as much in its brief. The day so fixed was April 30, a Tuesday, and the deadline referred to therefore fell on Friday, April 26. Yet there was no evidence that the addendum was mailed on or before the latter date, and the judge found only that it was mailed after the mailing of the statutory list and before April 30. It is well settled that a party asserting the illegality of a contract has the burden of proving the facts necessary to establish such illegality. *Wasserman* v. *Roach,* 336 Mass. 564, 568 (1958), and cases cited. *Provident Co-op. Bank* v. *James Talcott, Inc.* 358 Mass. 180, 191 (1970). The burden is similarly placed in the case of a public contract allegedly invalid by reason of noncompliance with statutory bidding procedures (see *Westcott Constr. Corp.* v. *Cumberland Constr. Co. Inc.* 3 Mass. App. Ct. 294, 296-299 [1975]), and the fact that the vehicle whereby the bid and contract were challenged was a bill for declaratory relief did not relieve the plaintiff of that burden (see *Stop & Shop, Inc.* v. *Ganem,* 347 Mass. 697, 703-704 [1964]; *Foley* v. *Mc-Gonigle,* 3 Mass. App. Ct. 746 [1975]). The plaintiff therefore had the burden of proving that the addendum was mailed on or before April 26, 1974, and the absence of any evidence on that point is fatal to the plaintiff's claim.

*Judgment affirmed.*

The case was submitted on briefs.

*James R. DeGiacomo & Frank M. Capezzera* for the plaintiff.

*George C. Caner, Jr.,* for Groton-Dunstable Regional School District.

*Joseph T. Travaline* for Salem Engineering & Construction Corp.